Peter POSTMA, Plaintiff-Appellant,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA, LOCAL 294, Defendants-Appellees,

and

Robert F. Kennedy, Attorney General of the United States, Intervening Defendant-Appellee.

No. 87, Docket 28991.

United States Court of Appeals Second Circuit.

Argued Oct. 19, 1964.

Decided Oct. 21, 1964.

**610**

Benjamin Ungerman, Albany, N. Y. (Ungerman, Greenberg & Harris, Albany, N. Y.), for plaintiff-appellant.

Morton Hollander, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Justin J. Mahoney, U. S. Atty., Richard S. Salzman, Attorney, Department of Justice, Washington, D. C.), for appellee, Attorney General of the United States.

Dominick Tocci, Albany, N. Y., for appellee, International Brotherhood of Teamsters, etc.

Before FRIENDLY, KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM:

Postma, who was indicted and convicted, in 1956, for "conspiring * * * to obstruct, delay and affect interstate commerce * * * by extortion" from trucking companies in violation of the Hobbs Act, 18 U.S.C. § 1951, see United States v. Postma, 242 F.2d 488 (2 Cir.), cert. denied, 354 U.S. 922, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (1957), appeals from the dismissal of his complaint seeking a declaratory judgment that he was not subject to the sanctions of § 504(a) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 504(a), which temporarily bars from certain union offices a person convicted of various crimes including "extortion" or conspiracy to commit the same. He contends that the reference to "extortion" in § 504(a) was not broad enough to include the offense for conspiring to engage in which he had been convicted, and, if that issue be decided against him, that application of the 1959 statute to a previous conviction would violate the constitutional prohibition, Art. I, § 9, of bills of attainder or *ex post facto* laws.

On the issue of statutory construction we have little to add to the opinion of Judge Brennan, D.C., 229 F. Supp. 655. The time has long since passed when platitudes as to "plain meaning" or strictures as to the strict construction of penal statutes can procure judicial refusal to reach a result sufficiently indicated by the legislature's words. We were told long ago to "free our minds from the notion that criminal statutes must be construed by some artificial and conventional rule * * *," Mr. Justice Holmes in United States v. Union Supply Co., 215 U.S. 50, 55, 30 S.Ct. 15, 16, 54 L.Ed. 87 (1909). It would be sheer perversity for a court to say that when Congress used the term "extortion" in § 504

(a) of the Labor-Management Reporting and Disclosure Act of 1959, it was referring only to violations of state criminal laws against extortion and did not include violations of the Hobbs Act—almost certainly the "extortion" statute best known to federal legislators—because, due to limitations on federal power, that offense is defined as obstruction of interstate commerce and extortion is simply one of the prohibited means.

■ DeVeau v. Braisted, 363 U.S. 144, 160, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960), is dispositive of the constitutional argument. Appellant attempts to distinguish that decision on the basis that the Waterfront Commission Act there in question did not in terms prohibit previously convicted felons from holding union office but made it illegal to collect dues for any labor organization of which they were officers or agents. But, as practicality obviously demanded, the Court treated the Act as one "disqualifying all convicted felons from union office." 363 U.S. at 157–160, 80 S.Ct. at 1153.

Affirmed.