**UNITED STATES of America,
Appellee,**

v.

**Mitchell ROTHBERG, Appellant.
No. 851, Docket 73–1310.**

United States Court of Appeals,
Second Circuit.

Argued May 9, 1973.

Decided June 8, 1973.

---

ly imported "hashish, a derivative of marihuana," in violation of 21 U.S.C. § 176a, in the United States District Court for the Eastern District of New York, John R. Bartels, Judge, offered to prove that the substance imported from Afghanistan was not Cannabis Sativa L., the definition of marihuana set forth in the Internal Revenue Code, 26 U.S.C. § 4761 and incorporated in 21 U.S.C. § 176a but Cannabis Indica Lam., a separate species. The offer of proof was rejected, 351 F.Supp. 1115, and the government consenting, with the approval of Judge Bartels, on the preservation for consideration on appeal to this court of the question whether the offer of proof was properly rejected, a plea of guilty to count two of the indictment was entered.[1] We find no error and affirm the conviction.

■■ In construing a statute to determine the intent of Congress, we must do so in light of the conditions under which the Congress did act. *See, e. g.,* Moor et al. v. County of Alameda et al., 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). "Although criminal statutes must be so precise and unambiguous that the ordinary person can know how to avoid unlawful conduct . . . even in determining whether such statutes meet that test, they should be given their fair meaning in accord with the evident intent of Congress." United States v. Sullivan, 332 U.S. 689, 693–694, 68 S.Ct. 331, 334, 92 L.Ed. 297 (1948). *See also* Postma v. International Brotherhood of Teamsters, 337 F.2d 609, 610 (2d Cir. 1964); *Precise Imports Corp. v. Kelly,* 378 F.2d 1014, 1017 (2d Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L. Ed.2d 465 (1967). To determine whether a criminal statute fairly apprises potential violators of the nature of acts prohibited, it may be that we should consider whether the meaning of terms has in general usage so changed since the enactment as not at the time of the offense to give such fair notice.

Michael H. Metzger, San Francisco, Cal., for appellant.

Guy L. Heinemann, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E. D. N. Y., L. Kevin Sheridan, Asst. U. S. Atty., of counsel), for appellee.

Before SMITH, MULLIGAN and TIMBERS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Appellant Rothberg, indicted for transporting, concealing and facilitating the transportation and concealment of illegal-

1. *See* United States v. Mann, 451 F.2d 346 (2d Cir. 1971); United States v. Doyle, 348 F.2d 715, 719 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 89 (1965); and United States v. Selby, 476 F.2d 965 (2d Cir., 1973).

No such change in general usage at the time of the offense was shown by the proffered proof, however.

■ The most that the proffered proof could have established was that at the time of trial there was some and perhaps growing botanical opinion that Cannabis is polytypal and that a distinction can be made between Cannabis Sativa L. and Cannabis Indica Lam. This opinion was, however, formed by appellant's experts only after the offense here in question. At the time of the enactment and amendment of the statutes [2] in 1937 and 1956 and up to the time of the offense, there is no question but that the lawmakers, the general public and overwhelming scientific opinion considered that there was only one species of marihuana so that this Afghan hemp was included within the statutory definition. *See* Leary v. United States, 395 U.S. 6, 50, 89 S.Ct. 1532, 23 L.Ed.2d 57 and n. 106 (1969). Whether this is scientifically exact or not, the statute provided at the time of the offense a sufficient description of what was intended to be prohibited to give notice to all of the illegality of appellant's actions.

To be sure, the use of a term in a criminal statute by a legislature under a misapprehension as to the object described by it could not be corrected by a criminal court's amendment of the statute, but that is not the case here. There was no misapprehension by the Congress as to the generally accepted meaning of the term when used, and no showing under the offer of proof of any change in the generally accepted meaning up to the time of the offense. The statute as written must be read to cover the offense charged.

For the future, it would appear that the question is academic, since the statute has been replaced by the present drug abuse prevention and control acts,[3] with much broader descriptions of controlled drugs in addition to the description in question here, the broader descriptions concededly covering this substance whether described as one designation of Cannabis or another.

Judgment affirmed.

---

2. Repealed since the offense in question.

3. *See* 21 U.S.C. § 801 et seq.