THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES A. WOLF *et al.,* Defendants-Appellees.

(Nos. 73-125, 73-126 cons.;

Third District—December 4, 1973.

Robert E. Boyer, State's Attorney, of Watseka, for the People.

Robert Bailey, of Harvey B. Bass Assoc., of Chicago, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The State of Illinois appeals from an order entered by the Circuit Court of Iroquois County, granting the motion of defendants Robert K. Beard, James A. Wolf, and Randall S. Gremp to suppress evidence consisting of a certain 1962 white four-door Cadillac, $2,940 in cash, and *cannabis sativa* (which was contained in 16 bags and a *cannabis* cigaret butt). The motion was based on a contention that the evidence was seized in violation of the rights of defendants under the Fourth Amendment to the Constitution of the United States.

In considering the evidence in this cause, it appears from the record that on December 20, 1972, Illinois State Police Officers Donald R.

Thompsen and Ralph Henson, at about 8:55 in the evening, stopped a motor vehicle driven by defendant Beard in which defendants Wolf and Gremp were passengers. The vehicle had only one operative headlight at the time and was stopped for a presumed violation of Illinois Motor Vehicle Code. (Ill. Rev. Stat. 1971, ch. 95½, § 12—201(a).) The officers noted also that the rear license plate on the Cadillac automobile was only attached by a wire. Beard, the driver, left the vehicle and met Officer Thompsen between the automobile he was driving and the officers' vehicles. Thompsen advised Beard of the reason for the stop and in accordance with the procedure authorized under Ill. Rev. Stat., ch. 95½, §§ 6—112 and 3—411, Thompsen requested and reviewed Beard's license and the vehicle registration card. The description on the registration card coincided with the description of the vehicle which was stopped and Officer Henson verified by radio with the Secretary of State's office that the vehicle described on the registration card was registered to Beard. The license appeared to be in proper order, but because of the manner in which the license plate was affixed and the officer's feeling that he should check further, as to the true identity of the vehicle, Officer Thompsen opened the driver's door of the vehicle for the purpose of examining the so-called VIN (vehicle identification number) on the doorpost to determine whether the vehicle which was stopped was in fact the vehicle which was registered to Beard.

As Thompsen was attempting, with the aid of his flashlight, to view the vehicle identification number, he detected what he recognized as the odor of marijuana emanating from the Cadillac. The officer had training in detecting marijuana or other drug violations. Officer Thompsen called Officer Henson to the vehicle and Officer Henson also detected what he thought was the smell of marijuana. Thompsen then requested the passengers to leave the automobile with their two dogs. As the defendants gathered at the rear of the automobile, Thompsen told the occupants they were under arrest for a traffic violation. Thompsen then proceeded to search the automobile and he found therein a small amount of green substance in the ash tray which he believed to be a *cannabis* cigaret butt. The officers then asked Beard for the keys to the trunk for the purpose of searching the trunk. Thompsen opened the trunk and found $2,940 in cash, and 16 plastic bags containing a greenish substance which Officer Thompsen thought smelled like marijuana.

On hearing of the motion in the Circuit Court of Iroquois County, the trial judge based his decision, allowing the motion to suppress, on the ground that Officer Thompsen had no right to open the car door to inspect the vehicle identification number. The case, therefore, rests basically on a determination of whether or not Officer Thompsen had

the right to inspect the vehicle identification number under the circumstances present in this case.

The parties on appeal apparently agree that the search of a motor vehicle is not governed by the rules which would normally apply to fixed areas such as homes, where a search is conducted only incidentally to a lawful arrest or pursuant to a search warrant. As indicated in *Carroll v. United States*, 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280 (1925), and the cases which followed the *Carroll* case, it is recognized that in dealing with motor vehicles, because of their mobility, the need for speedy law enforcement when the object to be searched is a motor vehicle creates a different rule and situation so far as search is concerned. Probable cause to believe that a crime has been or is being committed, however, remains a prerequisite to a search of a motor vehicle even when, under the *Carroll* rationale, the search otherwise might be permissible. The principal issue before us, therefore, is whether Thompsen had a right to view the vehicle identification number, since probable cause for the discovery and the search that produced the evidence resulted from the odor of marijuana detected by the officer checking the vehicle identification number.

Even though Thompsen had verified that Beard's license was in order, and that Beard's registration card was duly issued and described a vehicle of the type which had been stopped, the only means by which Officer Thompsen could determine that the vehicle registered to Beard was the automobile which was stopped, was to examine the vehicle identification number and compare it with that on the registration card. The circumstance that the Beard license plate was attached simply by a wire, led Officer Thompsen to believe that the vehicle might have been stolen. Even though we would assume that, prior to the time that Thompsen opened the door to the stopped vehicle, no probable cause existed for him to believe that another crime had been or was being committed, we believe, under precedents hereinafter cited, that Thompsen rightfully could inspect the vehicle identification number for the purpose of comparing it with the number on the registration card.

■■ Under the Illinois Motor Vehicle Code, it is required that all automobiles bear the original manufacturer's identification numbers. (Ill. Rev. Stat. 1971, ch. 95½, § 4—107(g).) It is also required that such number be on the certificate of title to the automobile. The automobile is registered in the office of the Secretary of State under that number and the Secretary of State issues a registration card bearing the number. It is a criminal offense to remove, alter, or deface such a number, or to possess an automobile with a removed or falsified number. (Ill. Rev. Stat. 1971, ch. 95½, § 4—102, 103.) The vehicle identification number is,

therefore, the prime means by which, in fact and under the Illinois Motor Vehicle Code, a particular automobile could be identified specifically.

As we have indicated, a driver's license and registration card must be exhibited to a police officer on demand. (Ill. Rev. Stat. 1971, ch. 95½, §§ 6—112 and 3—411.) Most of the judicial decisions which have come to our attention support the proposition that an inspection of a vehicle identification number, for the purpose of identifying the vehicle, is not regarded as a search within the meaning of the Fourth Amendment to the United States Constitution. *United States v. Johnson,* 431 F.2d 441 (5th Cir. 1970); *United States v. Jones,* 432 F.2d 773 (5th Cir. 1970); *United States v. Williams,* 434 F.2d 681 (5th Cir. 1970), *cert. denied* 401 U.S. 1011 and *Cotton v. United States,* 371 F.2d 385 (9th Cir. 1967). *Cf. Simpson v. United States,* 346 F.2d 291 (10th Cir. 1965).

Appellees rely on *United States v. Guana-Sanchez* (7th Cir. No. 72-1784, 1973); *United States v. Wilson,* 465 F.2d 1290 (7th Cir. 1972); *United States v. Foust,* 461 F.2d 328 (7th Cir. 1972); *United States v. Ruffin,* 389 F.2d 76 (7th Cir. 1968); and *People v. Roberts,* 2 Ill.App.3d 927, 274 N.E.2d 688 (3rd Dist. 1971), as authority for the proposition that Officer Thompsen had no right consistently with the Fourth Amendment to view the vehicle identification number. We believe that these cases do not support defendants' contentions. In *Guana, Wilson* and *Roberts,* the only reason the vehicle was stopped was because the arresting officer had a "hunch" that the driver and/or occupants were committing a crime. In *Wilson,* the arresting officer had more prior knowledge about the possible involvement of a particular car and driver in a crime, but such knowledge was held not to rise to the dignity of probable cause. Neither *Guana, Wilson, Foust, Ruffin,* or *Roberts* involved in any way a situation in which an officer clearly had the right initially to stop a vehicle. Accordingly, none of these cases referred to involved the right of an officer, after he had properly stopped a vehicle, to check the vehicle identification number, so that he could compare it with the number on the registration card. The stopping of the vehicle or the arrest of the suspect in the cases referred to by defendants were not based on probable cause to believe that any offense whatever had been or was being committed.

■■ Even on the assumption that Officer Thompsen had no probable cause to believe that a crime had been or was being committed at the time he attempted to view the vehicle identification number of the Cadillac under consideration, we nevertheless conclude that Officer Thompsen had the right, consistently with the Fourth Amendment, to open the door of a stopped automobile and to attempt to view the vehicle

identification number. There is no indication in the record that Officer Thompsen's actions were broader than required for him to accomplish this permissible objective.

■■ Since Officer Thompsen's actions, prior to the time he smelled the odor of the contraband marijuana, were permissible, the detected smell of marijuana, established probable cause to believe that a crime other than a traffic violation had been committed. In *People v. Erb*, 128 Ill. App.2d 126, 261 N.E.2d 431 (2nd Dist. 1970), by way of illustration, the odor of marijuana constituted the requisite probable cause to enable an officer, who had stopped a vehicle without lights, to search the vehicle and its occupants. (See also: *People v. Laird*, 11 Ill.App.3d 414, 296 N.E.2d 864 (5th Dist. 1973).) Under the rationale of *Carroll*, as it has been applied in Illinois in *People v. Georgev*, 38 Ill.2d 165, 230 N.E. 2d 851 (1967), *cert. denied*, 390 U.S. 998, 20 L.Ed.2d 97, 88 S.Ct. 1202, and *People v. Erickson*, 31 Ill.2d 230, 201 N.E.2d 422 (1964), the probable cause resulting from the detection of the odor of marijuana was sufficient to allow the subsequent warrantless search of the automobile. During the subsequent permissible search in the instant case, the contraband was discovered. The evidence thereby uncovered, therefore, was the product of a search which, even though warrantless, was not conducted in violation of the requirements of the Fourth Amendment to the Federal Constitution. Accordingly, we conclude that the evidence should not have been suppressed.

The order of the Circuit Court of Iroquois County will, therefore, be reversed and this cause will be remanded to the Circuit Court of Iroquois County for proceedings in conformity with this opinion.

Reversed and remanded with directions.

DIXON and SCOTT, JJ., concur.