489 F.2d 690
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard GAINES, Defendant-Appellant.
No. 73-3306 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 15, 1974.
 
 Denis Dean, Miami, Fla. (court-appointed), for defendant-appellant.
 Robert W. Rust, U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In a jury trial Gaines was found guilty of conspiracy to import marihuana in violation of 21 U.S.C.A. 952(a) and 963. We find without merit his contentions that the district court erroneously failed to give cautionary instructions with respect to hearsay testimony and that there was insufficient evidence to take the case to the jury. Gaines further urges that it was error for the trial court to refuse to instruct the jury as to the statutory definition of marihuana. We disagree and affirm.
 
 
 2
 Noting that the federal statutory definition of marihuana[1] refers only to Cannabis sativa L., Gaines calls our attention to the fact that while the Government's expert chemist agreed that there are three species of marihuana, i.e., Cannabis sativa L., Cannabis indica, and Cannabis ruderalis, the chemist was unable to differentiate between the three. Building upon the premise that Cannabis sativa L. is the only species of marihuana expressly prohibited by statute, Gaines argues that the court's refusal to give the jury an instruction containing the statutory definition of marihuana deprived the jury of considering whether the Government's expert was sufficiently trained and whether he sufficiently tested the substance to prove beyond a reasonable doubt that in fact the substance examined was Cannabis sativa L. and not Cannabis indica.
 
 
 3
 The Third Circuit recently considered the issue raised by Gaines and concluded that Cannabis indica is included within the statutory definition of marihuana. United States v. Moore, 3 Cir. 1971, 446 F.2d 448. Similarly, the Second Circuit, while recognizing the possibility that there may be some botanical opinion that Cannabis is polytypal, found that
 
 
 4
 there is no question but that the lawmakers, the general public and overwhelming scientific opinion considered that there was only one species of marihuana . . . Whether this is scientifically exact or not, the statute provided at the time of the offense a sufficient description of what was intended to be prohibited to give notice to all of the illegality of appellant's actions. United States v. Rothberg, 2 Cir. 1973, 480 F.2d 534, 536.
 
 
 5
 We are in full agreement with what has been said by our sister Circuits, and thus find no error in the district court's refusal to instruct the jury with respect to the statutory definition of marihuana.
 
 
 6
 Affirmed.
 
 
 
 [1]
 21 U.S.C.A. 802(15) provides in relevant part:
 'The term 'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not . . ..'