**UNITED STATES of America, Plaintiff,**

v.

**David LEWALLEN, Defendant.**

**No. 72–CR–94.**

United States District Court, W. D. Wisconsin.

Dec. 19, 1974.

---

David C. Mebane, U. S. Atty., by Warren W. Wood, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Stuart Richter, Madison, Wis., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This case was tried to the court without a jury. At the close of the evidence offered by the government, and again at the close of all the evidence, defendant moved for a judgment of acquittal, and rulings were reserved. Applying to the government the burden of proving beyond a reasonable doubt the essential elements of the offense, I find the facts set forth hereinafter under the heading "Facts."

### Facts

On or about September 28, 1972, in Dane County, in the Western District of Wisconsin, the defendant knowingly and intentionally, that is, voluntarily and purposely and not because of mistake or accident, and with the intention to violate the law, did possess with intent to distribute about 2,212 grams of a certain substance, specifically government exhibit 3.

At the time of the possession of it by the defendant on September 28, 1972, government exhibit 3 consisted of crushed green-plants; that is, it consisted of portions of parts of green-plants, including portions of leaves and stems. None of the leaves was intact. The moisture content was relatively low. The portions of the green-plants could be crumbled.

The green-plants belonged within a family known in the field of study called taxonomy as "Cannabaceae." Within the family Cannabaceae, the green-plants belonged within a genus known in taxonomy as "Cannabis."

Within the field of study known as taxonomy, it has been established that within the genus known as Cannabis are at least two distinct species, Cannabis sativa L. and Cannabis indica Lam., and probably a third distinct species, Cannabis ruderalis Jan. The taxonomic decision whether to dignify distinctions among plants within a genus by categorizing them as separate species involves an exercise of judgment, but it is an informed and disciplined judgment based upon well recognized factors, such as the geographical area in which the plant is found, its gross form (such as its height), its internal structure, its chemical characteristics, and so on.

All species of the genus Cannabis contain tetrahydrocannabinol, which is psycho-active or intoxicating.

The Cannabis in the possession of the defendant on or about September 28, 1972, was in a condition which rendered it impossible for anyone, however expert in the field, to determine whether it was Cannabis sativa L., Cannabis indica Lam., or Cannabis ruderalis Jan.

The existence of two species of Cannabis, namely Cannabis sativa L. and Cannabis indica Lam., has been known and published since about 1783, and the probable existence of the third species, Cannabis ruderalis Jan., has

been published since about 1924. Despite these publications from which it has been clear that the genus Cannabis is polytypic (that is, that the genus includes more than one species), until about 1973, and specifically in 1938 and 1970, the genus Cannabis had been generally considered monotypic. Many people, including chemists, pharmacologists, physicians, and agronomists had shared the view that the genus Cannabis is monotypic, and there had been some acquiescence by taxonomists in expressions of this view. The question whether the genus is monotypic or polytypic had not been addressed and investigated in a deliberate and conscious manner within the community of taxonomists until about 1973. Presently, within the community of taxonomists, the weight of opinion is that the genus Cannabis is polytypic.

Among the physicians and pharmacologists who have expressed over the years the view that the genus Cannabis is monotypical, there have been frequent references to Cannabis as Cannabis indica.

*OPINION*

I have based the above findings upon the record in this case. I am aware that there are botanical taxonomists who might have testified that genus Cannabis is monotypic. But none did. Nor was there anything in the examination or cross-examination of defendant's expert, William M. Klein, to persuade me that his testimony should not be accepted.

I am also aware that the Courts of Appeals in at least three circuits have accepted the proposition that when Congress used the term "Cannabis sativa L." in 1938 and in 1970, it intended to include all plants within the genus Cannabis, whether the genus Cannabis is considered polytypic or monotypic. United States v. Moore, 446 F.2d 448 (3d Cir. 1971); United States v. Rothberg, 480 F.2d 534 (2d Cir. 1973); United States v. Gaines, 489 F.2d 690 (5th Cir. 1974).

I have read these opinions carefully, as well as an opinion generally to the contrary by the Superior Court of the District of Columbia in United States v. Collier, Crim. No. 43604–73, March 19, 1974. I have also read the briefs of counsel embodying many references to the Congressional history of the statute and also to various scientific treatises and texts.

I am aware, also, that the government will be foreclosed from obtaining appellate review of my decision if it is favorable to the defendant, and that the error of such a decision, if error there would be, would be beyond correction.

I see no need to undertake to restate here all the factors bearing on ascertainment of Congressional intent, nor all the conflict within scientific circles concerning whether Cannabis is monotypic or polytypic.

■■ I cannot escape the conclusion that Congress has failed to include within a penal statute possession, with intent to distribute, of Cannabis other than Cannabis sativa L. 21 U.S.C. §§ 841(a)(1), 812(c) (Schedule I, (c)(10), 802 (15)). I do not think it would be sufficient, even if the Congressional history were clear (and it seems far from clear) that Congress thought that Cannabis sativa L. included every form of Cannabis in which tetrahydrocannabinol is present.

It seems clear that if in a penal statute Congress used a word like "giraffe" from the animal kingdom, the statute could not be construed to include a "potato" from the plant kingdom. This would be true even though the Congressional hearing and floor debate made plain that the members thought that the term giraffe includes potatoes. I understand, of course, that in the language of taxonomy, categories of "kingdoms" are based upon more gross distinctions than those involved in categories of classes, subclasses, orders, families, genuses, and species, and I understand that the distinctions among kingdoms, specifically,

 

are far more gross than the distinctions among species. But the decisive point, it seems to me, is that those whose very function is to weigh the significance of distinctions between plants within a genus—the plant taxonomists—consider the distinctions among Cannabis sativa L. and Cannabis indica Lam. sufficient to categorize them as different species. It does not seem to me decisive whether those engaged in botanical taxonomy had addressed and investigated this question deliberately and consciously, and had arrived at some scholarly consensus, prior to 1938 or prior to 1970, when Congress acted, or whether this came later. Rather, the critical factor is whether in fact the distinctions between Cannabis sativa L. and Cannabis indica Lam. (and perhaps Cannabis ruderalis Jan.) are so insignificant that they are not to be treated as distinct species within the genus Cannabis. On the basis of this record, the distinctions are not in fact so insignificant. That penal statutes are to be strictly construed requires no citation of authority.

The government contends that the conduct of this particular defendant was so furtive as to reveal that he believed he was breaking the law. I agree and I have so found the fact. The government contends, further, that this means that the application of the statute to his possession of Exhibit 3 is fair. But this is not the case of a vague statute which can fairly be applied to core conduct but cannot fairly be applied to conduct falling near its indistinct periphery. This statute is not vague; it applies to Cannabis sativa L. and to nothing else. It seems to me irrelevant that the defendant obviously believed that his possession of government exhibit 3, with intent to distribute it, was a violation of some local, state, or federal law.

The government has failed to prove by any measure of proof, and surely not beyond a reasonable doubt, that government's exhibit 3 is Cannabis sativa L., as distinct from other species of Cannabis.

The motion for a judgment of acquittal made at the close of all the evidence, is hereby granted, and the defendant is hereby released from any and all restraints imposed upon him as a result of the return of the indictment herein.