UNITED STATES of America, Plaintiff-Appellee,

v.

Rocco M. DINAPOLI, and John R. Roscillo, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

William A. McGARRAGHY, Defendant-Appellant.

Nos. 74–1107, 74–1108.

United States Court of Appeals, Sixth Circuit.

July 2, 1975.

Bruce S. Kramer, Kemper B. Durand, Memphis, Tenn., for Rocco M. Dinapoli.

Kenneth R. Shuttleworth, Memphis, Tenn., for William A. McGarraghy.

Thomas F. Turley, U. S. Atty., Memphis, Tenn., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

Appellants were convicted after jury trial in the United States District Court for the Western District of Tennessee, Western Division, for violation of 21 U.S.C. § 841(a)(1)(1970) (possession of marijuana with intent to distribute) and 18 U.S.C. § 2 (1970) (aiding and abetting the commission of the same crime). Appellants Dinapoli and Roscillo were sentenced to a term of imprisonment of four and one-half years, plus two years of special parole. Appellant McGarraghy was sentenced to four years, plus two years of special parole.

The facts in this case may be succinctly stated. These three defendants undertook to sell a prospect 105 pounds of marijuana in five bags which were (at the critical time) contained in a Mazda car parked in a restaurant parking lot. Their transaction ultimately proved to be complicated by the fact that the buyer, albeit willing, was also a federal agent. After the agent had been furnished samples of the marijuana, had gone to the car, had seen the marijuana in bulk, and had an opportunity to inspect it, and had himself exhibited the $14,000 which was to be paid, numerous police descended upon the scene, arrested the three defendants and seized the Mazda and the marijuana.

Since the arrests were made in the restaurant and the Mazda was some 178 yards away and no search warrant was procured, the first issue on appeal is whether the introduction of evidence pertaining to the marijuana in the car was a violation of the Fourth Amendment. Under Fourth Amendment standards we find no merit to this issue. This seizure can be justified on constitutional law as old as *Carroll* v. *United States,* 267 U.S. 132, 160–62, 45 S.Ct. 280, 69 L.Ed. 543 (1925), or as recent as *Cooper* v. *California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), and *Chambers* v. *Maroney,* 399 U.S. 42, 51–52, 90 S.Ct.

1975, 26 L.Ed.2d 419 (1970). The marijuana was contraband and subject to forfeiture. See 21 U.S.C. § 881(a) & (b)(4) (1970) and 49 U.S.C. §§ 781, 782 (1970). The facts we have recited above gave the officers involved positive knowledge (let alone probable cause to know) of the presence of the marijuana in the Mazda. This court has recently explored a similar issue in *United States* v. *White,* 488 F.2d 563 (6th Cir. 1973), and reached the same result we reach here.

In view of the statutes and cases cited above, we find no need to determine whether the seizure of this automobile and the marijuana it contained was "incident to an arrest" within the meaning of 21 U.S.C. § 881(b)(1) (1970).

■ As a second issue defendants presented at trial a botanist who testified to the opinion that there are three different species of marijuana and appellants contend that since the statute makes reference only to *cannabis sativa L.,* they may have been convicted of possessing a type of marijuana which has never been legislatively banned. The District Judge took the point of view that the Congressional prohibition was intended to apply to all forms of marijuana.

This issue has already been considered and rejected by six different circuits. *United States* v. *Honneus,* 508 F.2d 566 (1st Cir. 1974), *cert. denied* 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975); *United States* v. *Kinsey,* 505 F.2d 1354 (2d Cir. 1974); *United States* v. *Rothberg,* 480 F.2d 534 (2nd Cir.), *cert. denied,* 414 U.S. 856, 94 S.Ct. 159, 38 L.Ed.2d 106 (1973); *United States* v. *Moore,* 446 F.2d 448 (3d Cir. 1971), *cert. denied,* 406 U.S. 909, 92 S.Ct. 1617, 31 L.Ed.2d 820 (1972); *United States* v. *Sifuentes,* 504 F.2d 845 (4th Cir. 1974); *United States* v. *Gaines,* 489 F.2d 690 (5th Cir. 1974); *United States* v. *Walton,* 514 F.2d 201 (D.C.Cir.1975). *See also United States* v. *Carrier,* 17 Cr.L. 2077 (U.S.A.F.Ct.Mil.Rev.1975).

In the *Rothberg* case the Second Circuit (construing the identical language

we deal with, but in a predecessor statute) said:

In construing a statute to determine the intent of Congress, we must do so in light of the conditions under which the Congress did act. *See, e. g.,* Moor et al. v. County of Alameda et al., 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). "Although criminal statutes must be so precise and unambiguous that the ordinary person can know how to avoid unlawful conduct . . even in determining whether such statutes meet that test, they should be given their fair meaning in accord with the evident intent of Congress." United States v. Sullivan, 332 U.S. 689, 693–694, 68 S.Ct. 331, 334, 92 L.Ed. 297 (1948). *See also* Postma v. International Brotherhood of Teamsters, 337 F.2d 609, 610 (2d Cir. 1964); Precise Imports Corp. v. Kelly, 378 F.2d 1014, 1017 (2d Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967). To determine whether a criminal statute fairly apprises potential violators of the nature of acts prohibited, it may be that we should consider whether the meaning of terms has in general usage so changed since the enactment as not at the time of the offense to give such fair notice. No such change in general usage at the time of the offense was shown by the proffered proof, however.

* * * Whether this is scientifically exact or not, the statute provided at the time of the offense a sufficient description of what was intended to be prohibited to give notice to all of the illegality of appellant's actions.

To be sure, the use of a term in a criminal statute by a legislature under a misapprehension as to the object described by it could not be corrected by a criminal court's amendment of the statute, but that is not the case here. There was no misapprehension by the Congress as to the generally accepted meaning of the term when used, and no showing under the offer of proof of any change in the generally accepted

meaning up to the time of the offense. The statute as written must be read to cover the offense charged.

*United States* v. *Rothberg, supra* at 535–36.

Under the proofs in this case we believe the reasoning employed by the Second Circuit applies here with like force[1] and we adopt it.

The only other appellate issue which merits discussion is appellants' contention that they were sentenced peremptorily and without adequate time to present all matters relevant to appropriate sentences. This issue required some delay in issuance of this opinion because of the time it took to have the hearing on sentence transcribed. We have now received and considered that transcript.

After the jury verdict had been returned, the District Judge indicated that he did not intend to refer defendants to the Probation Department for a presentence report and that he intended to proceed immediately with sentencing. He thereupon called upon counsel for defendants to make any statement relative to sentence that counsel desired. Each counsel in turn announced that he was caught by surprise, and asked for time to investigate relevant facts. The District Judge politely but explicitly denied any continuance, saying that if counsel wanted to make extended investigation, he should have done it ahead of time. It appears, however, that no prior notice to this effect had been given.

Each attorney then made a statement in behalf of his client. The statements we have reviewed bear eloquent testimony to counsels' lack of preparation. They contain little in the way of family background, school record and adjustment, and work record. The United States Attorney appears to have been similarly caught by surprise, for on the District Judge's first inquiry as to any criminal records of the three defendants, he responded that he thought he had heard that one had a prior arrest but he

didn't remember which one. Later it appears that for purposes of this hearing it was accepted that none of the three defendants had any prior offense record and that only defendant Dinapoli had a prior arrest. This Dinapoli's counsel contended was dismissed without charges and the District Judge indicated he would exclude it from any consideration. He then asked each defendant in turn whether he personally had anything to say and proceeded to administer the four and four and one-half year sentences, the sentences previously noted. The District Judge refused to employ 18 U.S.C. § 4208(a)(2) (1970) to make release optional at the discretion of the Parole Board.

■ We feel compelled to vacate the sentences concerned and remand these cases for resentencing. The sentences themselves are within the limits prescribed by the statute concerned. 21 U.S.C. § 841(b)(1) (1970). But under the facts of this case we believe the sentencing procedure employed was clearly in violation of the spirit, if not the letter, of a federal procedural rule, Fed.R. Crim.P. 32(a)(1), and a recent United States Supreme Court case, *Dorszynski* v. *United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1970).

We do not lay down a mandatory rule for all criminal sentences in this Circuit. The critical facts in this case, as we view them, are these. These men are young, first offenders who were convicted of a nonviolent felony. They were obviously viewed by the District Judge at the conclusion of the trial as possibly eligible on the trial testimony alone as candidates for substantial terms in the federal penitentiary. In these circumstances the District Judge should have secured a presentence report and he should have allowed defense counsel (who had not been warned of the possibility of immediate sentencing) a reasonable time to prepare statements on sentencing.

---

1. We have read with interest but do not choose to follow *United States* v. *Collier,* 14 Cr.L. 2501 (D.C.Super.1974), and *United States* v. *Lewallen,* 385 F.Supp. 1140 (W.D.Wis.1974).

With all of the public and Congressional interest in speedy trials, and with all of the docket pressures on the District Courts, we find neither statutory language nor case law which suggests abandoning the emphasis upon careful and individualized sentencing in the federal courts.

Rule 32 of the Federal Rules of Criminal Procedure provides in applicable part:

### Sentence and Judgment

(a) **Sentence.**

(1) **Imposition of Sentence.** Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or alter the bail. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

\* \* \* \* \* \*

(c) **Presentence Investigation.**

(1) **When Made.** The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty.

(2) **Report.** The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court. The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government.

Fed.R.Crim.P. 32(a)(1), (c).

■ This rule is not written in mandatory terms. But certainly no Judge has the discretion to decide not to employ presentence investigation at all or to reduce the hearing on sentence to a point where it is meaningless. If this rule has any purposes, the supplying of facts and insights into both the background and the potentialities (for good or evil) of young, felony first offenders must be among its most important.

Those who have studied the sentencing problem in depth are unanimous in recommending that presentence reports be secured in all felony cases, particularly those involving first offenders. NCCD Model Sentencing Act, Art. I, § 2 (1963); ALI Model Penal Code § 7.07(1) (Prelim. Official Draft 1962); ABA Standards Relating to Sentencing Alternatives and Procedures § 4.1(b) (1968).

■ We have no hesitation in holding that before a young first offender is sentenced to a substantial federal prison term in this Circuit, the District Judge should be fully informed by both a presentence investigation and report and by a reasonably meaningful hearing on sentence.

In this regard we follow two recent Second Circuit cases, *United States* v. *Frazier,* 479 F.2d 983 (2d Cir. 1973), and *United States* v. *Manuella,* 478 F.2d 440 (2d Cir. 1973). *But cf. United States* v. *Kane,* 450 F.2d 77 (5th Cir. 1971), *cert. denied,* 405 U.S. 934, 92 S.Ct. 954, 30 L.Ed.2d 810 (1972); *United States* v. *Teague,* 445 F.2d 114 (7th Cir. 1971); *Cassidy* v. *United States,* 428 F.2d 585 (8th Cir. 1970); *King v. United States,* 410 F.2d 1127 (9th Cir. 1969).

Among the facts bearing on sentence which are missing in this record are the specific ages of two of the appellants.

Of course, the District Judge saw them and we assume that both were above 21 years old at the time of sentence, and hence, not subject to the specific statutory requirement of judicial rejection of the Youth Corrections Act treatment under 18 U.S.C. § 5010(d) (1970) as that requirement was recently spelled out in *Dorszynski* v. *United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). They may well have been below 26 years old, however, (as we are informed was true as to Dinapoli), and hence, eligible for consideration under the young adult offender treatment provision of the Youth Corrections Act, depending upon the facts developed by the presentence report and at the hearing on sentence. See 18 U.S.C. § 4209 (1970).

Recognizing that *Dorszynski* is not specifically applicable to the facts of this appeal, we nonetheless find support for our decision in its reasoning:

Although well established doctrine bars review of the exercise of sentencing discretion, limited review is available when sentencing discretion is not exercised at all. *Yates* v. *United States,* 356 U.S. 363, 366–367, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958); *United States* v. *Daniels,* 446 F.2d 967, 972 (CA6 1971); *United States* v. *Williams,* 407 F.2d 940, 945 (CA4 1969). See also n. 7, *supra.* The requirement of the "no benefit" finding was designed to insure that the sentencing judge exercised his discretion in choosing not to commit a youth offender to treatment under the Act. Such a finding would make unmistakably clear that the sentencing judge was not only aware of the existence of the new Act, but also knew that the youth offender before him was eligible because of his age for the treatment it provided to accomplish its important purpose.

"Appellate modification of a statutorily-authorized sentence . . . is an entirely different matter than the careful scrutiny of the *judicial process* by which the particular punishment was determined. Rather than an unjustified incursion into the province of the sentencing judge, this latter responsibility is, on the contrary, a necessary incident of what has always been appropriate appellate review of criminal cases." *United States* v. *Hartford,* 489 F.2d 652, 654 (CA5 1974). (Emphasis in original.)

*Dorszynski* v. *United States, supra,* at 443, 94 S.Ct. at 3052.

The judgments of conviction are affirmed. The sentences in all three cases are vacated and the cases are remanded for resentencing in accordance with this opinion.