**Russell HICKS, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Oct. 29, 1975.

Certiorari Denied by Supreme
Court March 1, 1976.

Jesse O. Farr, Chattanooga, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Nashville, Stephen M. Bevil and Thomas J. Evans, Asst. Dist. Attys. Gen., Chattanooga, for defendant-in-error.

OPINION

WALKER, Presiding Judge.

Russell Hicks, the defendant below, appeals in error from his conviction in case no.

125572 for possessing marijuana and from his conviction in case no. 125563 for unlawfully carrying a pistol. In each case he was sentenced to pay a fine of $1000 and costs and to serve 11 months and 29 days in jail. In the marijuana case, one Linda I. Slater was jointly indicted with him for possessing marijuana with intent to sell, but he (the defendant) was tried alone on this charge. In his consolidated trial of four cases, the jury found him not guilty in another pistol carrying case and another case charging him with felonious possession of a controlled substance with intent to sell.

At about 5:00 a. m., May 6, 1973, Chattanooga policeman Paul O'Rear noticed the defendant in a blue and white van turn off Market Street into King Street barely making the light. The van accelerated and bounced into another lane. The officer followed turning on his blue lights and sounding his siren several times. In about three blocks, the van went through a red light and a stop sign and finally stopped about half a block from the city jail.

O'Rear approached the defendant in the van and asked him to raise his hands. When the defendant did not do so immediately, O'Rear drew his pistol and ordered the defendant to place his hands where they could be seen. He also asked the defendant to get out of the van. When the defendant did not do so, the officer opened the door and pulled him out.

When the officer opened the door, he smelled the odor of marijuana. Outside the vehicle he searched the defendant, handcuffed him and sent him to the jail in the custody of another officer. This personal search revealed no contraband so far as the record shows. The defendant had about $1000 in cash which he says he had obtained as a loan from the bank.

The woman passenger was taken out of the van, placed in a police cruiser and searched by a policewoman.

After sending the defendant to jail, O'Rear made a complete search of the van. On the floorboard near the accelerator he found the loaded .25 caliber pistol involved in the conviction for carrying a weapon here. On the hood cover between the front seats, there was a warm pipe with the odor of marijuana emanating from its bowl. The officer emptied the ash tray and found "roaches" there. In a topless box behind the driver's seat, the officer found a loaded .32 caliber pistol, a shoulder holster, some marijuana in a plastic bag and some pills. A state toxicologist testified the material in the plastic bag was marijuana as was the pipe residue, the ash residence and four hand-rolled cigarette butts.

The defendant testified that he had borrowed the van from one Randy Roberson while his own car was being repaired and he knew nothing of the drugs or pistols found in it. He saw the pipe on the hood but did not know for what it was used and he noticed no odor of marijuana. The defendant contends the pipe was over the car's engine and this accounts for its warmth. Another witness corroborated the defendant's explanation of his borrowing the vehicle from Roberson who was dead at the time of the trial.

The principal question presented is the legality of the warrantless search. The defendant contends there was no probable cause for it and that a warrant was necessary.

Although the officer did not testify for what offense he arrested the defendant, it is clear that the defendant had violated traffic laws and that he was lawfully stopped for that reason. When the defendant was uncooperative in getting out of the van, the officer properly opened the door. The trial judge held that the officer was qualified to recognize the distinctive odor of marijuana smoke.

■ The principal question presented here is whether or not the smell of marijuana emanating from the defendant's car furnished probable cause to enable an officer,

who had stopped the vehicle for a traffic offense, to search the vehicle. We hold that it did.

Since the officer's actions, prior to the time he smelled the odor of the contraband marijuana, were permissible, the smell of marijuana established probable cause to believe that a crime other than the traffic violation had been committed. The detection of the odor of marijuana was sufficient to allow the subsequent warrantless search of the automobile. See *State v. Raymond,* 21 Ariz.App. 116, 516 P.2d 58; *People v. Wolf,* 15 Ill.App.3d 374, 304 N.E.2d 512; *People v. Chestnut,* 43 A.D.2d 260, 351 N.Y. S.2d 26.

Although the defendant had been removed from the automobile, exigent circumstances existed for the search without a warrant. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419.

The assignment challenging the search is overruled.

■ The defendant says the trial judge erred in failing to direct a verdict when the toxicologist said that the substance was marijuana but she was unable to say that it was the particular substance proscribed by law. He further says the court erred in charging the jury that the law proscribed all species of marijuana and not just cannabis sativa L.

At the time of this offense marijuana was defined and limited to cannabis sativa L. By an amendment to TCA 52–1409(n), the words "sativa L" were deleted from the definition (Chapter 741, Public Acts of 1974).

The question of whether the term "cannabis sativa L" includes all forms of marijuana has been increasingly litigated in the courts. The United States Courts of Appeal interpreting the federal statute hold the term all inclusive. See *United States v. Honneus,* 1 Cir., 508 F.2d 566; *United States v. Rothberg,* 2 Cir., 480 F.2d 534, cert. denied, 414 U.S. 856, 94 S.Ct. 159, 38 L.Ed.2d 106; *United States v. Moore,* 3 Cir., 446 F.2d 448, and *United States v. Gaines,* 5 Cir., 489 F.2d 690.

We accordingly hold that cannabis sativa L includes all geographical types of marijuana and overrule this assignment.

■ With the evidence admitted by the search, there is an abundance of evidence to support the verdicts. The jury did not accept the defendant's explanation of his possession of the marijuana and pistol. The assignment on the weight of the evidence is overruled.

We have carefully examined all assignments of error and find them to be without merit.

The judgments are affirmed.

FRED H. GILLIAM, Special Judge, concurs.

O'BRIEN, Judge (concurring).

I concur with considerable reluctance in the lead opinion by my colleague, Judge Walker, in this case.

This defendant was apprehended by a Chattanooga police officer at approximately 5 o'clock in the morning because of the manner in which he was operating his vehicle, a blue and white van type truck. After being stopped, according to an officer's testimony, defendant was not cooperative when asked to place his hands where they could be seen and did not do so until the officer, quite prudently as it was subsequently developed, drew his service revolver from its holster. Defendant did not make any effort to dismount from the van when requested to do so and was pulled from the vehicle by the officer. At this time the officer noticed an odor that he took to be marijuana. At this point two other police officers arrived. Defendant was handcuffed and taken a half a block into the

police station. His female companion was taken from the van and placed in the back of a squad car until she could be searched by a female officer.

I have no quarrel with the conduct of the officer, although there was not any testimony introduced to show why defendant had been arrested. A subsequent search disclosed two loaded weapons in the vehicle. The validity of an arrest is not necessarily determinative of the right to search a car if there is probable cause to make the search. My hesitancy to concur is due to concern with the court decisions which place a search made by a police officer without a warrant within the category of a reasonable search in a case such as we have here.

Assuming, without agreeing, that the odor of the smell of marijuana emanating from defendant's car furnished probable cause for the officer to make the search, I fail to find from the evidence in this case the "exigent circumstances" existing which would authorize the search without a warrant. However, in *Chambers v. Maroney*, supra, cited in the lead opinion as authority, our United States Supreme Court had this to say:

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment. On the facts before us, the blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable-cause factor still obtained at the station house and so did the mobility of the car unless the Fourth Amendment permits a warrantless seizure of the car and the denial of its use to anyone until a warrant is secured. In that event there is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained."

Under the circumstances existing here where the police officers had the vehicle immobilized, and its occupants in custody, the safer, surer, more reasonable and practical course would have been to obtain a warrant after a magisterial decision on probable cause to make the search. There is little reason in placing the onus on a police officer, who, though he may be schooled in the enforcement of the law, usually knows nought about its judicial niceties, to make a probable cause decision in a case of this nature and then to subject such a decision to judicial scrutiny to determine if he acted circumspectly in the action taken by him. However, this appears to be the law as it is presently construed and so I concur with the conclusion reached in the case.