FILED

04/11/2024

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 5, 2024

**STATE OF TENNESSEE v. TORRIAN SEANTEL BISHOP**

**Appeal from the Circuit Court for Obion County**
**No. CC-22-CR-22    Jeffrey Parham, Judge**

_____

**No. W2023-00713-CCA-R3-CD**
_____

The Defendant, Torrian Seantel Bishop, pleaded guilty in the Obion County Circuit Court to the unlawful possession of a weapon, a Class B felony, and theft of property, a Class E felony. *See* T.C.A. §§ 39-17-1307(b)(1) (Supp. 2023) (unlawful possession of a weapon), 39-14-103 (2018) (theft of property). The trial court sentenced the Defendant to an effective twelve-year sentence in confinement. On appeal, the Defendant presents a certified question of law regarding the legality of the search of his car. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and JILL BARTEE AYERS, JJ., joined.

Bill Randolph, District Public Defender; Jessica F. Butler (on appeal), Assistant Public Defender-Appellate Division; and Damon E. Campbell (at suppression and guilty plea hearings), Assistant Public Defender, for the appellant, Torrian Seantel Bishop.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding and Richard D. Douglas, Sr., Assistant Attorneys General; Colin Johnson, District Attorney General; Melinda Meador and Jerald Campbell, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the November 5, 2021 traffic stop of the Defendant's car as a result of the Defendant's driving with a suspended driver's license. An officer at the scene indicated he detected the odor of marijuana in the car. Finding probable cause to search the vehicle as a result of the odor, the officers searched the car, which revealed a stolen handgun under the driver's seat. The Defendant filed a motion to suppress the handgun's

seizure, contending that the officers lacked probable cause to search his vehicle. The Defendant did not challenge the vehicle stop. The trial court denied the motion to suppress.

On May 1, 2023, the Defendant entered a best-interest guilty plea to unlawful possession of a weapon and theft of property. *See North Carolina v. Alford*, 400 U.S. 25 (1970). The Defendant reserved a certified question of law to which the State and the trial court consented and certified as dispositive of the case. *See* Tenn. R. Crim. P. 37(b)(2)(A). The Defendant's certified question is as follows

> Whether under the Fourth Amendment to the U.S. Constitution and Article I, section 7 of the Tennessee Constitution, law enforcement possessed probable cause to search the Defendant's automobile without a warrant based exclusively on the allegedly plain smell of marijuana, when the officer claiming to have probable cause to search the automobile admittedly could not distinguish the smell of marijuana from the smell of hemp, the possession of hemp was legalized on April 4, 2019 by the passage of Senate Bill No. 357 as Public Chapter 87 in the 2019 Session of the 111th Tennessee General Assembly, and the traffic stop and automobile search in this case occurred on November 5, 2021?

At the October 19, 2022 suppression hearing, Union City Police Officer Kyle Ross testified that he conducted a traffic stop of the Defendant's car after confirming with the police dispatcher that the Defendant was driving with a suspended driver's license. Officer Ross stated that he advised the Defendant of the reason for the stop, that Union City Police Sergeant Josh Rogers arrived on the scene, and that Sergeant Rogers indicated he smelled the odor of marijuana. Officer Ross stated that since having COVID, he had lost his sense of smell. Officer Ross said that when he asked the Defendant about the last time marijuana had been in the car, the Defendant answered, "It had been a minute." Officer Ross said that he removed the Defendant from the car, conducted a search of the car, found a handgun underneath the driver's seat, and determined that the handgun had been stolen. Officer Ross said that he was not aware that the Defendant was on probation or a felon at the time of the traffic stop.

On cross-examination, Officer Ross testified that he had probable cause to search the car solely as a result of the smell of marijuana and that it was not a consensual or probation search. Officer Ross said that the traffic stop occurred early in the morning and that he wore a body camera. Officer Ross stated that the Defendant got out of the car when asked and that a pat down of the Defendant did not reveal any marijuana. Officer Ross told the Defendant that the Defendant could leave if the search of the car did not reveal anything of concern. Officer Ross acknowledged that he did not find any marijuana in the car. Officer Ross stated that after the Defendant's arrest, Sergeant Rogers transported the Defendant to the police station and that the Defendant's vehicle was towed from the scene.

A copy of Officer Ross's body camera video recording was played at the hearing and was received as an exhibit. The recording is consistent with the testimony. The Defendant's probation order was received as an exhibit, according to which the Defendant agreed to a warrantless search of his car by a law enforcement officer at any time.

The trial court, noting a lack of guidance from the appellate courts on whether the smell of marijuana provided probable cause for a search after the legalization of hemp, granted the Defendant's motion and suppressed the handgun's seizure. The court said that the officers would have been entitled to search pursuant to the probation order if they had known that the Defendant was on probation.

On November 18, 2022, the State filed a motion for rehearing citing *State v. Stephen Paul Hampton and Margaret Mary Hampton*, in which this court stated that "[a]ccording to published case law by this court and our supreme court, the smell of marijuana alone can establish probable cause for the warrantless search of an automobile." No. W2021-00938-CCA-R3-CD, 2022 WL 16919950, at *6 (Tenn. Crim. App. Nov. 14, 2022). The trial court granted the State's motion and held a hearing on January 4, 2023.

At the January 2023 hearing, Sergeant Rogers testified that he assisted Officer Ross at the traffic stop and was aware Officer Ross had lost his sense of smell as a result of COVID. Sergeant Rogers said that Officer Ross touched his nose, indicating that he wanted Sergeant Rogers to see if he detected the odor of marijuana. Sergeant Rogers said he had "no question in his mind" that he smelled marijuana.

On cross-examination, Sergeant Rogers acknowledged that he could not differentiate between the odor of hemp and marijuana.

The trial court reversed its earlier ruling and denied the motion to suppress, finding that probable cause existed for the search. The court noted that "[u]ntil the supreme court or the legislature determines otherwise, the smell of marijuana continues to establish probable cause for the warrantless search of an automobile." The court opined that the officers' ability to arrest the Defendant for the driver's license violation might have provided probable cause to search the Defendant's car.

Tennessee Criminal Procedure Rule 37(b)(2)(A) provides that an appeal can be taken from a plea of guilty if the Defendant enters into a plea agreement and explicitly reserves, with the consent of the State and the trial court, a certified question of law that is dispositive of the case. Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv); *see State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand[.]" *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Furthermore,

the fact that the defendant, the State, and the trial judge have agreed the issue is dispositive does not bind this court. *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988). "[T]he appellate courts must . . . determine if the record on appeal demonstrates how that question is dispositive of the case . . . . If the appellate court does not agree that the certified question is dispositive, appellate review should be denied." *Id*. (citing *State v. Jennette*, 706 S.W.2d 614, 615 (Tenn. 1986)); *see State v. Dailey*, 235 S.W.3d 131, 134-35 (Tenn. 2007). The certified question must also clearly identify "the scope and limits of the legal issue reserved." Tenn. R. Crim. P. 37(b)(2)(A)(ii).

We agree with the parties that the certified question is dispositive of the case because the officers searched the Defendant's car as a result of Sergeant Rogers's smelling the odor of marijuana, which the officers believed provided them with probable cause to search the car. The question identifies the scope and limits of the issue reserved. We, therefore, consider the question on its merits.

The Defendant contends that the smell of marijuana does not provide probable cause to conduct a warrantless search because the smell of marijuana is indistinguishable from that of hemp, the latter of which was legalized in 2019.[1] The State responds that case law subsequent to the legalization of hemp provides that the smell of marijuana continues to establish probable cause to conduct a warrantless search of a vehicle. We agree with the State.

A trial court's findings of fact on a motion to suppress are conclusive on appeal unless the evidence preponderates against them. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996); *State v. Jones*, 802 S.W.2d 221, 223 (Tenn. Crim. App. 1990). Questions about the "credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Odom*, 928 S.W.2d at 23. The prevailing party is entitled to the "strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence." *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998); *see State v. Hicks*, 55 S.W.3d 515, 521 (Tenn. 2001). The trial court's application of the law to its factual findings is a question of law and is reviewed de novo on appeal. *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997).

---

[1] Hemp is defined as *Cannabis sativa* containing not more than 0.3% Tetrahydrocannabinol (THC). Marijuana is defined as *Cannabis sativa* containing greater than 0.3% THC. *See* T.C.A. §§ 39-17-402 (2019) (subsequently amended); 43-27-101 (Supp. 2020) (subsequently amended).

The Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution protect individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Tenn. Const. art. 1, § 7. Warrantless seizures are "presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the . . . seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997); *see Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000).

For purposes of the present case, the parties do not dispute that a warrantless search and seizure occurred or that Sergeant Rogers smelled what he determined to be the odor of marijuana in the car. Within the context of warrantless searches and seizures, a car may be searched without a warrant if probable cause exists for the search. *Chambers v. Maroney*, 399 U.S. 42, 48 (1970); *State v. Leveye*, 796 S.W.2d 948, 952 (Tenn. 1990). "[P]robable cause is a flexible, common-sense standard." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality). It requires that the available facts provide a person "'of reasonable caution in the belief'" that an item that is evidence of a crime will be found. *Id.* (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)); *State v. Banner*, 685 S.W.2d 298, 301 (Tenn. Crim. App. 1984).

The current state of the law in Tennessee, as recently articulated by this court, is that "the binding precedent from the Tennessee Supreme Court allows the smell of marijuana to provide probable cause for a search." *State v. Andre JuJuan Lee Green,* No. M2022-00899-CCA-R3-CD, 2023 WL 3944057, at *3 (Tenn. Crim. App. June 12, 2023) (citing *State v. Hughes*, 544 S.W.2d 99, 101 (Tenn. 1976)), *perm. app. granted* (Tenn. Nov. 20, 2023); *see Hicks v. State*, 534 S.W.2d 872, 874 (Tenn. Crim App. 1975); *State v. Frederick A. Crosby*, No. W2013-02610-CCA-R3-CD, 2014 WL 4415924, at *8 (Tenn. Crim. App. Sept. 9, 2014). This court has also recognized that "the inability of a trained drug detection canine to distinguish between the odor of marijuana and the odor of hemp does not, in and of itself, render the canine's reaction to narcotics unreliable for purposes of establishing probable cause to support a search." *State v. Mark David Bond*, No. M2022-00469-CCA-R3-CD, 2023 WL 5559259, at *4 (Tenn. Crim. App. Aug. 29, 2023); *see Andrew JuJuan Lee Green*, 2023 WL 3944057, at *3 (noting the legal analysis is the same whether the smell of marijuana was detected by an officer or a drug canine). This issue is currently pending in the Tennessee Supreme Court in *Andrew JuJuan Lee Green*, but "until our supreme court or our legislature determines otherwise, the smell of marijuana continues to establish probable cause for the warrantless search of an automobile." *State v. Stephen Paul Hampton and Margaret Mary Hampton*, No. W2021-00938-CCA-R3-CD, 2022 WL 16919950, at *6 (Tenn. Crim. App. Nov. 14, 2022).

The record reflects that Sergeant Rogers smelled the odor of marijuana in the Defendant's car and that the Defendant said marijuana had been in the car. Despite

Sergeant Rogers's admitted inability to distinguish between the smell of hemp and marijuana, the record demonstrates a "fair probability, given the totality of the circumstances, that contraband or evidence [would] be found" in the Defendant's car, thus, meeting the standard for establishing probable cause. *See United States v. Vaughn*, 429 F. Supp. 3d 499, 510 (E.D. Tenn. 2019) (citations omitted); *see also Illinois v. Gates*, 462 U.S. 213, 232 (1983) ("probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts"). The handgun was discovered as a result of a lawful search. The trial court did not err in its determination.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE