Peter POSTMA, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA, LOCAL 294, Defendant,

and

Robert F. Kennedy, Attorney General of the United States, Intervening Defendant.

Civ. No. 9649.

United States District Court
N. D. New York.

May 8, 1964.

656

Ungerman, Greenberg & Harris, Albany, N. Y., for plaintiff, Benjamin Ungerman, Albany, N. Y., of counsel.

Harry Pozefsky, Gloversville, N. Y., for defendant Local 294, etc.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., for United States, Harland F. Leathers, Howard E. Shapiro, Charles Donnenfeld, Attys., Dept. of Justice, Washington, D. C., of counsel.

BRENNAN, District Judge.

This is a declaratory judgment action in which plaintiff seeks a determination that he is not subject to the sanctions imposed by Section 504 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 504, which he asserts presently deprives him of his right to hold office in the defendant labor organization or to be an employee of said defendant in other than a clerical or custodial capacity.

The question arising in the present motions for summary judgment require the construction and application of the provisions of the statute above referred to in the light of the undisputed factual background summarized below.

In April 1956, the plaintiff, together with co-defendants, was brought to trial in the District Court for the Northern District of New York upon a one count indictment which charged the defendants with conspiracy to violate the provisions of Title 18 U.S.C. § 1951, generally known as the Hobbs Act. The indictment charged the defendants with conspiracy to obstruct interstate commerce by extortion from named members of the trucking industry located generally in the vicinity of Albany, New York. It was alleged in the indictment that it was a part of the conspiracy that plaintiff would use his position in the defendant-labor organization to obtain property from the aforementioned truckers by the wrongful use of threatened force and fear and that he would obtain by extortion moneys belonging to said trucking companies in the amount of $10,000. by the wrongful use of threatened force and fear and the causing of work stoppages in the transportation of general merchandise until the trucking companies made such payments. The indictment was dismissed as to one of the co-defendants for failure of proof. The plaintiff, Postma, and one co-defendant were found guilty of the crime charged in the indictment by the verdict of a jury and on April 17, 1956 Postma was sentenced to be confined for four years. An appeal was taken from the judgment of convic-

tion and same was affirmed on February 21, 1957. United States v. Postma, 2 Cir., 242 F.2d 488. The United States Supreme Court denied certiorari in Postma v. United States, 354 U.S. 922, 77 S.Ct. 1381, 1 L.Ed.2d 1436. The plaintiff's present status is not in dispute. He was released from confinement on March 25, 1960 and from released supervision on January 11, 1961. There is no dispute as to the duration of the five year ban, referred to in Section 504 which will expire on January 10, 1966.

On May 6, 1963, the United States Board of Parole, after a hearing, denied plaintiff's application for a Certificate of Exemption under Section 504(a) of the Act, above referred to. The decision of the Board, together with its findings and conclusions, is attached to the moving papers.

The present action is brought against Local 294 of the International Brotherhood of Teamsters etc. and upon application, the Attorney General of the United States has been allowed to intervene as a defendant therein. The crux of the complaint is to the effect that plaintiff has been barred from holding union office in Local 294 by reason of the action of its officers or members who, relying upon an opinion of the Attorney General, have refused to permit the plaintiff to be a candidate for office in said Local 294 or to hold the offices or positions banned under the provisions of Section 504 which are referred to above. The plaintiff further alleges that an actual controversy exists in that plaintiff's 1956 conviction is not one of those set out in Section 504 which would prohibit him from holding the offices or positions referred to in the section. The plaintiff has moved for a summary judgment for the relief demanded. The intervening defendant has moved for a summary judgment dismissing the complaint. Local 294 makes no motion and has not appeared in any manner in the matter of the pending motions. No question is raised as to this court's jurisdiction which seems to be recognized

in the decision of Serio v. Liss, 3 Cir., 300 F.2d 386.

The contentions here will be briefly summarized in order to point up the narrow problem of statutory construction which is involved in this decision. Plaintiff contends that since he was not convicted of the named violations found in Section 504 that the sanction of the five year ban therein may not be invoked against him. The defendant contends that the crime of which the plaintiff was convicted necessarily embraced extortion and is therefore included in the list of violations referred to in Section 504. In other words, the plaintiff urges that the above section is penal in its nature and must be strictly construed while the defendant contends that the section is remedial and must be broadly construed in the light of the Congressional declaration of the purpose of the statute.

■ There is no particular dispute concerning the language or application of the Hobbs Act. It provides that any person who obstructs or affects commerce by "extortion or attempts or conspires to do so" violates the section. The term "extortion", as used in the Act, is defined therein. The real controversy here involves the meaning and application of 29 U.S.C. § 504 which as pertinent here provides that a person who has been convicted of certain named crimes, including extortion, or conspiracy to commit same shall be barred from holding named positions in any labor organization for a period of five years from the date of his release from imprisonment. The plaintiff is entirely right in his statement that he was not convicted as above of extortion or conspiracy to extort, as a separate crime, although the evidence was sufficient to sustain either charge. United States v. Postma, supra, 242 F.2d at 493. A statute however is rarely interpreted by the literal reading thereof.

In approaching the interpretation and application of the statutes here involved, the following quotation by Judge Hand in United States v. Klinger, 2 Cir., 199 F.2d 645 at 648 is borne in mind. "It is idle to add to the acres of paper and

streams of ink that have been devoted to the discussion. * * * " "He who supposes that he can be certain of the result is the least fitted for the attempt".

We have but to refer to the recent decision of our Circuit Court in Monarch Life Insurance Co. v. Loyal Protective Life Insurance Co., 2 Cir., 326 F.2d 841 at 845 to find a statement as to the general rule of statutory construction. "It is axiomatic that statutes are to be interpreted, whenever possible, to effectuate their underlying purpose and intention". Again in Billik v. Berkshire, 2 Cir., 154 F.2d 493 at 494 we find that "Attention must always be given to what Congress sought to accomplish by the statute". See also cases cited in the above decision. "In the interpretation of statutes, the function of the courts is easily stated. It is to construe the language so as to give effect to the intent of Congress". United States v. American Trucking Ass'ns, 310 U.S. 534 at 542, 60 S.Ct. 1059 at 1063, 84 L.Ed. 1345.

In 29 U.S.C. § 401, Congress has expressed in certain terms the purpose of the Labor-Management Reporting and Disclosure Act of which Section 504 is a part. After noting the existence of instances of breach of trust, corruption and disregard of the rights of individual employees, Congress declared that it is essential that officers of labor organizations adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organization. It found that additional legislation was necessary to eliminate improper practices on the part of labor organizations, their officers and representatives. In Serio v. Liss, supra, 300 F.2d at page 389, it is stated the intention of Congress in enacting Section 504(a) is "to have an antiseptic and purifying effect upon the conduct of union affairs by union officials and officers * * *". With the background of the purpose of the statute in mind, it would seem inescapable that the resulting legislation is principally remedial in its nature and must be applied in a manner to effectuate its purpose "in the light of the mischief to be corrected and the end to be attained".

Warner v. Goltra, 293 U.S. 155 at 159, 55 S.Ct. 46 at 48, 79 L.Ed. 254.

Plaintiff's contention that the statute is penal in its nature and should be strictly construed has not been overlooked. The following quotation, taken from the many times cited decision of Johnson v. Southern Pacific Co., 196 U.S. 1 at page 17, 25 S.Ct. 158, 49 L.Ed. 363, is pertinent. "The primary object of the act was to promote the public welfare by securing the safety of employes and travelers, and it was in that aspect remedial, while for violations a penalty of $100 recoverable in a civil action, was provided for, and in that aspect it was penal. But the design to give relief was more dominant than to inflict punishment * * ". See also Hattaway v. United States, 5 Cir., 304 F.2d 5 at 9. The plaintiff reads the statute too literally. It must be construed and applied having in mind its purpose to check the unlawful action of labor organization officials who must establish their trustworthiness by a five year ban from participating in certain positions of labor-management affairs.

In applying the statute, we must of course find that Postma's 1956 conviction is included within the purpose and intent of Section 504. He was indicted for a conspiracy to obstruct interstate commerce by means of extortion. He was found guilty of the charge. It is inescapable that the jury, by its verdict, must have found that he was guilty of extortion because it was an essential element of the crime and there was no other means or method by which the conspiracy was established. This court holds that the word "conviction", as used in Section 504, should be construed under the statute as embracing any of the enumerated crimes, the commission of which is a necessary predicate for the guilty verdict.

It is concluded that the ban of Postma's activities in labor organizations as provided in 29 U.S.C. § 504 is properly invoked and that defendant's motion for summary judgment should be and is granted, and it is

So ordered.