**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Clarence JALAS and Chicago Moving Picture Machine Operators' Union Local No. 110, Defendants-Appellees.**

**No. 17052.**

United States Court of Appeals
Seventh Circuit.

April 10, 1969.

Thomas A. Foran, U. S. Atty., Jack B. Schmetterer, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellant; John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel.

Edward J. Calihan, Jr., George F. Callaghan, Chicago, Ill., for defendant-appellees.

Before SWYGERT, CUMMINGS, Circuit Judges, and GORDON, District Judge.[1]

SWYGERT, Circuit Judge.

This is an appeal from the district court's dismissal of the Government's cause of action on the ground that it had no standing to bring an injunctive suit to prevent violation of section 504 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 504(a).[2] The defendant, Clarence Jalas, is and has been business manager of the Chicago Moving Picture Machine Operators' Union Local No. 110 for thirty years. On January 5, 1968, Jalas pleaded guilty to a violation of 29 U.S.C. § 186(b) (1),[3] namely, that he knowingly accepted valuable common stock from an employer while serving as business manager of the local, which stock was delivered to him with the intent to influence his

actions, decisions, and duties. Jalas was fined $500 for this misdemeanor offense. Subsequent to the conviction, Jalas' name was placed in nomination for reelection as the local's business manager and on February 1, 1968 he was reelected in an uncontested election. The action which is the subject of this appeal was brought on February 29 after Jalas' conviction on January 5 and the February 1 election. The Government sought by its complaint to enjoin Jalas from running for and serving in the office of business manager on the basis of its averment that Jalas' prior section 186(b) (1) conviction was a crime cognizable under section 504(a)'s disqualification provisions. Since we are of the view that the Government has no standing to bring this action, it is unnecessary to decide whether the district court erred in concluding that Jalas' violation of section 186(b) (1) constituted a conviction for bribery within the meaning of 29 U.S.C. § 504(a) and that consequently Jalas' service as business manager is in violation of the latter section.

■■ The Government urges that if it is denied the power to bring injunctive suits to prevent violations of the Landrum-Griffin Act, the important national policy of keeping unions free from dishonest officials will be thwarted. Relying on the delay which invariably occurs before criminal prosecution under section

1. Judge Gordon is sitting by designation from the United States District Court for the Eastern District of Wisconsin.

2. Section 504(a) provides in relevant part:
(a) No person who * * * has been convicted of * * * bribery * * * shall serve—
(1) as an officer, director * * * business agent, manager, organizer, or other employee [other than as an employee performing exclusively clerical or custodial duties] of any labor organization
* * * * *
during or for five years after * * * such conviction * * *. No labor organization or officer thereof shall knowingly permit any person to assume or hold any office or paid position in violation of this subsection.

3. Section 186 provides in relevant part:
(a) It shall be unlawful for any employer * * * to pay, lend, or deliver * * * any money or other thing of value—
(4) to any officer or employee of a labor organization engaged in an industry affecting commerce with intent to influence him in respect to any of his actions, decisions, or duties as a representative of employees or as such officer or employee of such labor organization.
(b) (1) It shall be unlawful for any person to request, demand, receive, or accept * * * any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a).

504 can be completed, the Government asserts that because its remedy at law is ineffective, equitable injunctive relief is essential to assure ethical standards are followed by union officials. Although we agree that enforcement delays and difficulties may exist under the present statutory scheme, this is a question which Congress with its special competence can best resolve. Assuming arguendo that Jalas' taking office is a crime under section 504(a), nevertheless, none of the jurisdictional theories advanced by the Government allows us to grant the relief sought. Underlying our examination of the injunctive-relief issue is the doctrine that courts have no power to enjoin the commission of a crime. See 5 J. Moore, Federal Practice ¶ 38.24 [3], at 192 (2d ed. 1968). Historically this doctrine has been subject to exception in only three general situations: national emergencies, widespread public nuisances, and where a specific statutory grant of power exists. All the cases cited by the Government fall into one or another of these categories. For example In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092 (1895), United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), and United States v. Brotherhood of R. R. Trainmen, 96 F.Supp. 428 (N.D.Ill.1951), dealt with court-issued injunctions where acute national emergency situations which were unique necessitated such relief. The case of Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 (1944), which the Government relies upon, concerned the use of an injunction which was expressly granted by statute. The Government does not cite any cases falling under the public nuisance rubric, but examples are set forth by the Supreme Court in the Debs case. It is our view that the facts of the instant case do not fall into any of the categories of exceptions to the general rule prohibiting issuance of an injunction against the commission of a crime.

It is revealing that the Government fails to rely on any specific jurisdictional provision of the federal labor laws other than section 504(a) which is patently a criminal statute contemplating proceeding by indictment or information. In fact throughout the Landrum-Griffin Act the only authority which is vested in the United States Attorney is enforcement of the criminal provisions of the Act. The statutory scheme bolsters our conclusion that the sole remedy for the complained-of-wrong is criminal prosecution.

The final argument advanced by the Government in support of its position on the standing question is that two other federal courts have found that they have jurisdiction to entertain actions for injunctive and declaratory relief under section 504. The Government relies specifically on Serio v. Liss, 189 F.Supp. 358 (D.N.J.1960), aff'd, 300 F.2d 386 (3d Cir. 1961), and Berman v. Local 107, 237 F.Supp. 767 (E.D.Pa.1964). In Berman a union official sought injunctive relief to force the union to place his name on the ballot for a forthcoming union election. By way of defense, the defendant union claimed that the plaintiff, Berman, had violated section 504(a). The Berman case is of no help to the Government. It does not hold that the Government may institute an injunctive action. Further, it did not involve, as here, a situation where, absent injunctive relief, the defendant allegedly would have committed a crime. Serio was a case involving a suit by a union officer seeking to enjoin the union president from removing the plaintiff from office. Although it is true that the Government was allowed to intervene on behalf of the defendant, in that case also the Government was not seeking to enjoin a union official from committing a crime.

Because the case law and statutory language do not compel a contrary conclusion, we hold that the Government has no standing to bring this injunctive action. There is no national emergency which warrants departing from the general rule prohibiting injunctions against the commission of criminal acts. If we were to hold otherwise and enjoin Jalas from holding office, we would necessarily

be deciding in the context of a civil action an important criminal law question under section 504(a).

The judgment of the district court is affirmed.

MYRON L. GORDON, District Judge (concurring).

I concur in the court's opinion insofar as it concludes that the plaintiff is without standing to bring this injunctive action. However, I also believe that the defendant's conviction under 29 U.S.C. Section 186(b) is not a conviction for "bribery"; it is therefore insufficient as a matter of law to enable the government to disqualify Clarence Jalas from holding office under 29 U.S.C. Section 504(a).

Section 504 provides that after conviction for certain offenses, a person may not hold a position of responsibility with a labor organization; the statute recites a number of major felonies, including bribery, which will serve to bar a person from union office:

"Robbery, *bribery*, extortion, embezzlement, grand larceny, burglary, arson, violation of narcotics laws, murder, rape, assault with intent to kill, assault which inflicts grievous bodily injury * * *." (emphasis added)

In these proceedings, the government seeks to prohibit Mr. Jalas from holding office in this union because of a conviction upon his plea of guilty of a violation of Section 186. This section is specifically denominated in the statute as a misdemeanor; it carries a maximum imprisonment of 1 year. However, the general United States statute on bribery, which appears in Title 18 U.S.C. Section 201, is a felony, and it authorizes imprisonment for as long as 3 years.

It is my opinion that when the Congress used the word "bribery" in Section 504, it referred to a felony, and not to a mere misdemeanor. The distinction is not merely one of form or, indeed, one relating only to the term of potential imprisonment. An inherent part of bribery

is the element of specific intent, which is absent in Section 186, to which Mr. Jalas entered a plea of guilty. See State v. Alfonsi, 33 Wis.2d 469, 147 N.W.2d 550 (1967). One can no more be guilty of bribery without having a corrupt intent than one can be guilty of theft without an *animus furandi*.

When Section 504 was before the United States Supreme Court in United States v. Brown, 381 U.S. 437, 469, 85 S.Ct. 1707, 1726, 14 L.Ed.2d 484 (1965), Mr. Justice White, dissenting, referred to that section in these terms:

"* * * the provision of the statute now before the Court which disqualifies *felons* from holding union office." (emphasis added)

In De Veau v. Braisted, 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960), the court considered a state law which proscribed the labor union activities of one who had been convicted of a felony. Said the court at p. 158, 80 S.Ct. p. 1154.

"Barring convicted *felons* from certain employments is a familiar legislative device to insure against corruption in specified, vital areas." (emphasis added)

United States v. Nardello, 393 U.S. 286, 89 S.Ct. 534, 21 L.Ed.2d 487, does not, in my opinion, compel a conclusion that the word "bribery", appearing in Section 504, is broad enough to include the misdemeanors specified in 29 U.S.C. Section 186. In *Nardello* the court held that a state law on "blackmail" was applicable to 18 U.S.C. Section 1952, which prohibited travel in interstate commerce with intent to carry on "extortion". It is noted that in that case each of the statutes relating to blackmail included an intent to extort in defining the prohibited offense. In the case at bar, the government seeks to treat Mr. Jalas as one who had pleaded guilty to bribery, even though the charge to which he actually pleaded guilty was a misdemeanor and one which did not provide for a specific or corrupt intent on his part. In my view such an offense is not bribery.