**Donald F. GILLETTE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 76–760–Civ–CA.**

United States District Court, S. D. Florida.

Oct. 7, 1976.

Owen A. Neff, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., Donald R. Holley, Coral Gables, Fla., for plaintiff.

Mitchell B. Dubick, Dept. of Justice, Washington, D. C., for defendant.

## ORDER

ATKINS, Chief Judge.

Plaintiff filed suit seeking declaratory and injunctive relief and damages against the defendant United States. The gravamen of his complaint was the argument that a conviction under 29 U.S.C. § 186(b) does not constitute a crime within the meaning of 29 U.S.C. § 504(a) which prohibits certain persons who have been convicted of specifically enumerated crimes from holding union position for a period of five years. Defendant moved to dismiss the complaint upon various grounds. Plaintiff, in his memorandum in opposition to the motion, conceded that the only issue before this Court on the motion to dismiss is whether a conviction for violation of 29 U.S.C. § 186 constitutes bribery within the meaning of 29 U.S.C. § 504.[1]

Plaintiff was convicted of conspiracy to violate 29 U.S.C. § 186. The Fifth Circuit Court of Appeals, in affirming the conspiracy conviction, stated that

In a conspiracy count the conspiracy is the gist of the offense and it is not necessary that the object of the conspiracy be described in the detail necessary in an indictment for the substantive offense itself. Every element of the substantive offense need not be alleged within the conspiracy count. *United States v. Fischetti,* 450 F.2d 34, 40 (5th Cir. 1971) (citations omitted).

As in *Postma v. International Brotherhood of Teamsters, Etc., Local 294,* 229 F.Supp. 655 (N.D.N.Y.1964), here too the defendant was found guilty of a conspiracy to commit the substantive offense. "It is inescapable that the jury, by its verdict, must have found that he was guilty of [the substantive crime] because it was an essential element of the [conspiracy charge] and established. This Court holds that the word "conviction", as used in Section 504, should be construed under the statute as embracing any of the enumerated crimes, the commission of which is a necessary predicate for the guilty verdict." *Id.* at 658. The case against the plaintiff before this Court is even stronger as he was convicted of the substantive counts by the jury.[2]

Defendant places reliance on the concurring opinion in *United States v. Jalas,* 409 F.2d 358 (7th Cir. 1969). But *Jalas* never reached the issue of whether a violation of Section 186(b)(1) constituted a conviction for bribery within the meaning of 29 U.S.C. § 504(a) vel non although the District Court had held that it did. The concurring opinion found that the defendant's conviction was not a conviction for bribery because the

---

1. Plaintiff, having abandoned his claim for monetary damages, seeks only declaratory and injunctive relief.

2. The conviction was reversed by the Fifth Circuit as the result of the Government's amendment of the indictment immediately prior to trial.

violation under § 186 was a misdemeanor. However, this Court finds Chief Judge Edelstein's statement that

[i]n view of the broad purposes Congress sought to accomplish, and in view of the liberal construction accorded § 504(a), I am of the opinion that the requesting, demanding, receiving and accepting payments by union representatives from employers of employees whom they represent with an intent to influence the decisions of the representatives in violation of § 302 constitutes "bribery" within the meaning of § 504(a).

*Hodgson v. Chain Service Restaurant, Luncheonette & Soda Fountain Employees Union, Local 11,* 355 F.Supp. 180, 186 (S.D. N.Y.1973) more in point and persuasive. Accordingly, it is

ORDERED AND ADJUDGED that defendant's motion to dismiss is granted.