UNITED STATES of America, Plaintiff,

v.

PROFESSIONAL AIR TRAFFIC CON-
TROLLERS ORGANIZATION
(PATCO) et al., Defendants.

No. 80 C 4390.

United States District Court,
N. D. Illinois, E. D.

Dec. 19, 1980.

Thomas P. Sullivan, U. S. Atty., Frederick H. Branding, Linda A. Wawzenski, Asst. U. S. Attys., Chicago, Ill., for plaintiff.

Gary Ethan Klein, Richard J. Leighton, Leighton, Conklin, Lemov & Jacobs, Washington, D. C., Harvey Nathan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court's December 15, 1980 memorandum opinion and order dismissed this action for want of jurisdiction over the subject matter under 28 U.S.C. § 1345, based on the impact of Title VII of the Civil Service Reform Act of 1978 and its creation of the Federal Labor Relations Authority ("FLRA"). Because Title VII provides for FLRA jurisdiction of unfair labor practice claims against labor organizations like PATCO, but not in specific terms against its agents, the parties have asked for clarification as to whether the action remains viable as against individual defendants John M. Paolino ("Paolino"), Richard L. Scholz ("Scholz") and Thomas Brockett ("Brockett"). This Court holds that it does not.

Each of the individual defendants is made a party because of his relationship to PATCO: Paolino as PATCO's national vice-president for the Great Lakes Region, Scholz as president of PATCO O'Hare, and Brockett as vice-president of PATCO O'Hare. It would plainly be disruptive of the orderly procedures contemplated by FLRA if its exclusive jurisdiction over unfair labor practices, reflecting a congressional decision that such matters be "entrusted to the expertise of the agency" (*National Federation, etc. v. Commandant, Defense, etc.*, D.C., 493 F.Supp. 675 at 679), could be subverted by a contemporaneous District Court proceeding dealing with the identical issues in the framework of an injunction action.

Moreover, there is the important consideration adverted to in footnote 7 of the December 15 opinion, the general equitable doctrine that injunctive relief will not be granted against the commission of a crime. In that respect, our own Court of Appeals has provided compelling authority in the related area of private sector employment. In *United States v. Jalas*, 409 F.2d 358, 360 (7th Cir. 1969), the Court of Appeals dealt with the government's suit to enjoin violation of a section of the Labor-Management Reporting and Disclosure Act:

> Underlying our examination of the injunctive-relief issue is the doctrine that courts have no power to enjoin the commission of a crime. *See* 5 J. Moore, Federal Practice ¶ 38.24[3], at 192 (2d ed. 1968).

After stating the three historical exceptions to this doctrine (none of which is applicable here), the Court of Appeals affirmed the judgment of the District Court dismissing the action on the ground that the Government had no standing (basically a jurisdictional determination).

Accordingly, this Court confirms that the intended effect of its December 15 memorandum opinion and order was to dismiss the Complaint against the individual defendants as well as PATCO for want of jurisdiction, so that the Complaint and the action itself are dismissed in their entirety.