FILED
United States Court of Appeals
Tenth Circuit

December 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILD HORSE OBSERVERS
ASSOCIATION, INC.; PATIENCE
O'DOWD; SANDY JOHNSON; CHUCK
JOHNSON; KEVIN QUAIL; ADELINA
SOSA; JUDITH CHASE; DIANE
RANSOM,

        Plaintiffs-Appellants,

v.

SALLY JEWELL,[*] Secretary of the
United States Department of the Interior;
NEIL KORNZE, Principal Deputy
Director of United States Bureau of Land
Management; AL BACA,

        Defendants-Appellees.

No. 12-2190
(D.C. No. 1:11-CV-00335-MCA-RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[**]

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Kenneth Salazar is replaced by Sally Jewell as Secretary of the U.S. Department of the Interior and Bob Abbey, Director of the U.S. Bureau of Land Management, is replaced by Neil Kornze, Principal Deputy Director of the U.S. Bureau of Land Management.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

The Wild Horse Observers Association (WHOA), appeals the district court's dismissal of its petition for injunctive relief and a declaratory judgment against the United States Department of the Interior and the United States Bureau of Land Management (collectively, the "BLM"), and New Mexico resident, Al Baca, who owns land adjacent to federal land. The district court dismissed WHOA's suit against the BLM under Fed. R. Civ. P. 12(b)(1) as time barred and dismissed its suit against Mr. Baca under Fed. R. Civ. P. 12(b)(6), ruling WHOA failed to state a claim for relief against him. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

WHOA is a non-profit corporation with a mission to protect wild horses in New Mexico. It filed suit in 2011 under the Administrative Procedure Act (APA), alleging there were unbranded, unclaimed wild horses on federal public land near Placitas, New Mexico, which the BLM had failed to inventory and protect under the Wild Free-Roaming Horses and Burros Act, 16 U.S.C. §§ 1331-1340 (the "Wild Horses Act" or the "Act"). WHOA also alleged Mr. Baca intended to round up and remove these horses in violation of the Act. The Wild Horses Act protects unbranded and unclaimed horses and their descendants that were found on federal public lands that were identified in 1971 as having been used by a wild herd. *Mountain States Legal Found. v. Hodel*, 799 F.2d 1423, 1433 (10th Cir. 1986). The Act requires the BLM to "maintain a current inventory" of these wild horses and burros to "determine appropriate management levels." 16 U.S.C. § 1333(b). There is no private right of

action under the Wild Horses Act, but the APA allows for judicial review of a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

## CLAIMS AGAINST THE BLM.

The BLM, which contends there were no wild horses in the Placitas area during surveys taken in 1971, moved to dismiss the action. It argued WHOA lacked standing; there was no final agency action that permitted APA jurisdiction; and the claims were time barred by the APA's six year statute of limitations. The district court ruled WHOA did have standing, and that WHOA's allegation the BLM unreasonably delayed taking inventory under the Wild Horses Act was a challenge to discrete non-discretionary agency action. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (holding that 'final agency action' includes an agency's failure to take a discrete agency action that it is required to take). But, in a detailed and well-reasoned decision, the district court ruled WHOA's APA claim was time barred under 28 U.S.C. § 2401(a) (stating every civil action against the United States must be "filed within six years after the right of action first accrues").

WHOA argued the BLM's alleged failure to inventory the horses and protect them under the Act was an on-going violation, and, thus, the "continuing violations" doctrine applied to toll the statute of limitations. The district court noted that most, but not all, federal circuits have held the continuing-violations doctrine does not apply to APA claims that an agency failed to act. The district court concluded that,

although the Tenth Circuit has not addressed that narrow issue, it has more broadly ruled that "'the continuing wrong doctrine cannot be employed where the plaintiff's injury is definite and discoverable.'" Mem. and Order, Aplt. App., Vol. II at 450 (quoting *Ute Distrib. Corp. v. Sec'y of the Interior of the United States*, 584 F.3d 1275, 1283 (10th Cir. 2009)). The district court ruled WHOA's injury was definite and discoverable at least as long ago as 2002. Thus, even if the continuing violation doctrine was generally applicable to toll § 2401(a), in this case, WHOA's claim was still untimely.

The district court stated that WHOA should reasonably have known of their alleged injury in 1979, when the BLM issued a 1979 Management Framework Plan (MFP) for an area of public lands that included Placitas. The MFP discussed a small herd of wild horses in part of the planning area, but made no mention of any wild horses in the Placitas area. Because this MFP demonstrated the BLM was not managing any wild horses in Placitas area, WHOA would have reasonably known of its claimed injury in 1979. *See Ute Distrib. Corp.*, 584 F.3d at 1283 (cause of action accrued under § 2401 when Secretary of Interior issued a Plan of Division, at which time plaintiffs "knew or should have known" how the government was implementing the division of tribal water rights). But the district court found that, in any event, WHOA had *actual* knowledge of their claimed injury in September 2002.

WHOA's submissions to the court included minutes of a September 2002, New Mexico Livestock Board meeting at which Plaintiff O'Dowd, speaking for

- 4 -

WHOA, stated her opinion that there were wild horses near Placitas and said WHOA had contacted an attorney because it wanted the BLM to protect these horses. At that meeting, a BLM official stated that the agency had conducted an inventory in New Mexico in 1971, but the Placitas horses, which the BLM believed were owned by the San Felipe Reservation, did not fall under the BLM's jurisdiction. Based on these minutes, the district court ruled that WHOA had actual knowledge in 2002 that the BLM was not protecting the horses in Placitas that WHOA believed were required to be protected under the Wild Horses Act.

Finally, the district court rejected WHOA's argument that the limitations period should be equitably tolled because they only recently discovered that the BLM's assertion of tribal ownership of the horses was unsubstantiated. The court ruled WHOA had not demonstrated any actual deception by the BLM that prevented it from pursuing its claim. Thus, it ruled WHOA's 2011 lawsuit was untimely under § 2401(a).

We review de novo the district court's Rule 12(b)(1) dismissal for lack of subject matter jurisdiction under § 2401. *See Ute Distrib. Corp.*, 584 F.3d at 1282. "We review the district court's findings of jurisdictional facts for clear error." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).[1] APA claims are covered by

---

[1]     WHOA asserts the district court "improperly" made findings of fact "on a [Fed. R. Civ. P.] 12(b)(6) motion." Opening Br. at 45. But the district court dismissed WHOA's claim under Rule 12(b)(1), not Rule 12(b)(6), Aplt. App., Vol. II at 435, and it is well-established that a district court "has wide discretion" to consider
(continued)

the six-year limitations period of § 2401(a) and must be brought within six-years of the claim's accrual. *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1245-46 (10th Cir. 2012). "A claim against the United States first accrues on the date when all events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Ute Distrib. Corp.*, 584 F.3d at 1282 (brackets and internal quotation marks omitted).

On appeal, WHOA first contends that the § 2401 limitations period should be extended under the "continuing violation" doctrine, arguing the government owes an ongoing duty to protect and maintain inventories of wild horses under the Wild Horses Act. There are several unresolved predicate issues: Is § 2401's limitation period subject to equitable exceptions;[2] if so, does the text of the Wild Horses Act create ongoing obligations; and, if so, does the alleged inaction give rise to a

---

evidence outside the pleadings "to resolve disputed jurisdictional facts under Rule 12(b)(1))." *Holt*, 46 F.3d at 1003.

[2] Courts "[have] no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "Courts of Appeals have divided on the question whether § 2401(a)'s limit is 'jurisdictional.'" *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 145 (2008) (Ginsburg, J., dissenting). This court has indicated § 2401(a) is a jurisdictional statute of limitations, *see Urabazo v. United States*, 1991 WL 213406, at *1 (10th Cir. Oct. 21, 1991) (unpublished) ("Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." (internal quotation marks omitted)). But we have not considered this question in a published decision, and the Supreme Court has since held that a limitations provision should not be treated as "jurisdictional" unless Congress has clearly indicated that the rule is jurisdictional. *Sebelius v. Auburn Reg'l Med. Ctr.*, ___ U.S. ___, 133 S. Ct. 817, 824 (2013).

continuing wrong which tolls the limitations period? But we need not address these questions because even if they were all answered in WHOA's favor, the continuing violation doctrine cannot apply here because WHOA had actual knowledge of its claimed injury in 2002.

The continuing violation doctrine "is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003) (internal quotation marks omitted). Thus, we have long held, as the district court noted, that "the continuing wrong doctrine cannot be employed where the plaintiff's injury is definite and discoverable and nothing prevented plaintiff from coming forward to seek redress." *Tiberi v. CIGNA Corp.*, 89 F.3d 1423, 1431 (10th Cir. 1996) (internal quotation marks omitted); *see also Davidson*, 337 F.3d at 1184 ("a continuing violation claim fails if the plaintiff knew, or through the exercise of reasonable diligence would have known" of its injury) (internal quotation marks omitted).

The record supports the district court's finding that WHOA had actual knowledge of its alleged injury in 2002, when it publicly expressed its opinion that there were wild horses on federal public land near Placitas that the BLM was not protecting under the Wild Horses Act. By that date, WHOA was aware that all the events had occurred which fixed the BLM's alleged liability and knew it was able to

institute its action.[3]  *See Ute Distrib. Corp.*, 584 F.3d at 1283 (holding a claim accrues for purposes of § 2401(a) when the plaintiff either "knew or should have known" that it had a claim).

WHOA next argues it was lulled into inaction in 2002 when the BLM stated it had conducted an inventory in 1971 and believed the wild horses were owned by the San Felipe Pueblo.  To warrant tolling, this court has held the circumstances must rise to the level of "active deception."  *Impact Energy Res.*, 693 F.3d at 1246 (holding tolling only appropriate where "plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.") (internal quotation marks omitted).  The record supports the district court's finding that WHOA did not demonstrate the BLM actively deceived WHOA or prevent WHOA from filing suit, and thus, the district court did not abuse its discretion in denying equitable tolling.  *See id.* (reviewing denial of equitable tolling for abuse of discretion).  We find no error in the district court's dismissal of WHOA's action against the BLM as untimely.

---

[3]     WHOA argues its knowledge that the BLM was not managing and protecting the horses is "irrelevant," because its "claim is not, and cannot be, that the [BLM] failed to protect and manage wild Placitas horses under [the Wild Horses Act], but rather, that the [BLM] failed to conduct historical research and inventory of the Placitas horses to determine whether they were wild."  WHOA misstates its own complaint, which states as its claim that "Defendant BLM Is Violating the Act By Not Managing and Protecting Wild Free-Roaming Horses."  Aplt. App., Vol. I at 15.

**CLAIMS AGAINST BACA.**

WHOA's petition sought injunctive relief against Mr. Baca, arguing he had permitted the BLM to set up a temporary corral on his property and intended to round up and remove wild horses in violation of 16 U.S.C. § 1338(a) (making it a crime to willfully harass, capture, or kill protected wild horses). But the district court ruled WHOA failed to state a claim against Mr. Baca because the Wild Horses Act does not allow a private right of action, *see Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (holding that criminal statutes without a private right of action are not enforceable through civil action),[4] and, with rare exceptions not pled here, courts will not enjoin criminal conduct, *see Nat'l Ass'n of Letter Carriers v. Indep. Postal Sys. of Am., Inc.*, 470 F.2d 265, 271 (10th Cir. 1972).[5] WHOA argues on appeal that they have a legal interest in protecting the wild horses, but we find no error in the district court's conclusion that WHOA did not plead facts which plausibly demonstrate exceptional circumstances warranting injunctive relief. *See United States v. Jalas*, 409 F.2d 358, 360 (7th Cir. 1969) (recognizing a court's power to enjoin the commission of a crime only in national emergencies, widespread public nuisances, or statutory authorization of injunctive relief).

---

[4]    Indeed, WHOA conceded that its "action concerning Mr. Baca is not brought pursuant to the APA." Aplt. App., Vol. I at 33.

[5]    The district court denied as futile WHOA's motion to amend its petition to claim supplemental jurisdiction under 28 U.S.C. § 1367. WHOA deliberately chose not to challenge this ruling in its opening brief, Opening Br. at 51 n.2; thus, we will not consider any challenge to that ruling on appeal.

The judgment of the district court is affirmed for substantially the reasons stated in its two Memorandum Opinions and Orders dated September 28, 2012.

Entered for the Court

Jerome A. Holmes
Circuit Judge