**STATE of Tennessee, Appellee,**

v.

**Evan Rhea BANNER, Appellant.**

Court of Criminal Appeals of Tennessee.

Nov. 7, 1984.

William M. Leech, Jr., Atty. Gen. & Reporter, John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Edward Sempkowski, Asst. Dist. Atty. Gen., Morristown, for appellee.

Douglas R. Beier, Morristown, for appellant.

OPINION

O'BRIEN, Judge.

This is an Appeal of Right from the judgment of the Hamblen County Criminal Court convicting the defendant of unlawful possession of marijuana. The trial judge fixed the punishment at eleven months and

twenty-nine days in the Hamblen County Jail and a fine of $50.

The sole issue presented by the appeal is whether the trial court erred in failing to grant defendant's motion to suppress the evidence seized without a search warrant on August 31, 1982.

The facts are that Detective Sam Cook of the Morristown Police Department received information at his home, August 31, 1982 at about 8 p.m., from a person known to him to be a proven reliable informant who had furnished him in the past with information leading to arrests and convictions, that the defendant Evan Rhea Banner, was at the Convenient Food Market on Lincoln Avenue driving a green Ford truck, license number 19–SY44, and that the defendant had approximately three (3) pounds of marijuana in the truck trying to sell it. After unsuccessfully trying to locate his partner, the officer cruised the area and located the defendant's truck at about 9 p.m. parked in a driveway of a private home. Officer Cook parked his unmarked car on the public street and watched defendant's truck for approximately 30 minutes. During that time, he tried to locate other officers to provide a back-up for him but was unable to do so. At about 9:30 p.m. the officer observed the defendant and two other persons exit a house and after about five minutes, the defendant and one of the persons entered the truck and drove away. The defendant was driving and the passenger was holding a beer or whiskey bottle in his hand. Officer Cook followed the truck for a short distance and turned on his blue lights and siren. The truck immediately increased its speed and the officer gave chase. At one point, the truck slowed down allowing· the passenger to jump out, and throwing· down the beer or whiskey bottle, the passenger ran away and was not seen again. At that time, Officer Cook was able to exit his car and make his way to the side of the cab of the truck where the defendant was vigorously pumping the accelerator trying to drive away. The officer pulled his pistol and forced the defendant to stop.

Standing on the running board the officer observed on the floor of the truck an open cardboard box containing what appeared to be several bags of marijuana. He placed the defendant under arrest and searched him. A small bag of marijuana was found in his pocket. The defendant disclaimed any knowledge about the marijuana after being advised of his *Miranda* rights. There were 29 bags of marijuana in the cardboard box totaling approximately two pounds.

The defendant argues that the warrantless stop and subsequent arrest and seizure of the marijuana was without probable cause due to the fact that the green truck was not at the Convenient Food Market when Officer Cook got there. Further, the officer did not observe the defendant doing anything illegal thus leaving the informant's tip uncorroborated.

The State contends that under the "totality of circumstances" test of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) the officer had probable cause to believe that the green truck was carrying marijuana as his informant had stated and was legally authorized to arrest the defendant. The failure of the truck to be at the specified location was immaterial in light of the total circumstances justifying the stop and arrest.

The trial judge ruled that the police officer had probable cause to arrest the defendant and there were exigent circumstances present. In *Illinois v. Gates,* supra, the court said:

"We agree with the Illinois Supreme Court that an informant's veracity, reliability and basis of knowledge are all highly relevant in determining the value of his report. We do not agree, however, that these elements should be understood as entirely separate and independent requirements to be rigidly exacted in every case, which the opinion of the Illinois Supreme Court would imply. Rather, ... they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, prac-

tical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place".

The court went on to say in that case quoting from the prior case of *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949) that:

"... [T]he probable cause standard is ... a practical, non-technical conception..... In dealing with probable cause, ... as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act." *Illinois v. Gates*, supra, p. 2328.

The issue in this case involves a warrantless stop of a vehicle, the subsequent arrest of the driver, and search and seizure of evidence seen by the police officer in plain view on the floor board of the vehicle. The seizure of the marijuana must rest initially upon the validity of the stop.

"A founded suspicion is all that is necessary to justify a brief detention of a person in the course of a routine investigation—some basis from which the Court can determine that the detention was not arbitrary or harassing". *State v. Goad*, 549 S.W.2d 377, 379 (Tenn.1977); *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

■ As we view the evidence, the facts and circumstances clearly warranted the police officer to make an investigative stop of the vehicle. He was possessed of specific articulable factual information, from a known informant whose reliability and veracity had been proven in the past, that the defendant by name was selling marijuana from his truck. The detective knew the defendant's name, the color and make of the truck, the license number of the vehicle and that defendant had about three pounds of marijuana which he had been trying to sell at a specific location a short time before on the same day. When the truck began driving away after the officer had been observing it for about half an hour, the officer determined he must stop the truck in order to check out the information he possessed. The officer turned on the blue lights and siren. The driver attempted to escape by speeding up rather than stopping. Such evasive conduct by the defendant served to corroborate the informant's tip. Furtive conduct on the part of the defendant is a circumstance to be considered by the officer to justify an investigative stop. See *Hawkins v. State*, 543 S.W.2d 606 (Tenn.Cr.App.1976); *State v. Shrum*, 643 S.W.2d 891 (Tenn.1982).

"... The driver's behavior may be relevant, as erratic driving or obvious attempts to evade officers can support a reasonable suspicion...." *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 2582, 45 L.Ed.2d 607 (1975).

In *Hawkins v. State*, supra, p. 609, this Court said:

"This 'reasonable suspicion' basis for a temporary investigative stop ("*Terry* stop") was upheld in *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). There the Court said:

"The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ] recognizes that it may be the essence of good police work to adopt an intermediate response. A brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information may be most reasonable in light of the facts known to the officer at the time. 407 U.S. 145–146, 92 S.Ct. at 1923 (citation omitted)".

■ We conclude that the officer was warranted in stopping the defendant's truck for further investigation based upon all the facts and circumstances appearing

to him at the time. When the defendant defied the officer's signal to pull over, and sped away, the officer had no choice other than to chase down the vehicle and stop it using all reasonable means necessary to do so including drawing his pistol. The proof shows that even after the officer went to the cab of the truck and ordered the defendant to stop, the defendant was still endeavoring to leave. Upon spying the cardboard box and its contents on the floor of the truck, the officer at that time possessed probable cause to arrest the defendant. The United States Supreme Court in *Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) said:

> "... Probable cause is a flexible, commonsense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief', *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required. *Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949)."

■ A warrantless search of the vehicle is permitted where the officer has probable cause to believe that the vehicle is carrying contraband and there are exigent circumstances. *United State v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). *State v. Shrum,* 643 S.W.2d 891, 893 (Tenn.1982). The demonstrated mobility of the truck constituted ample evidence of the required exigent circumstances. See *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* supra; *Hawkins v. State,* supra. The search of the defendant's person incident to the arrest was proper. See *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

We hold that the trial court correctly refused to suppress the evidence and accordingly affirm the judgment.

BYERS, J., and WILLIAM H. WILLIAMS, Special Judge, concur.