IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1995

FILED

May 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | |
| APPELLEE | ) | NO. 02C01-9410-CC-00209 |
| | ) | |
| | ) | HAYWOOD COUNTY |
| VS. | ) | |
| | ) | HON. DICK JERMAN, JR. |
| | ) | JUDGE |
| DEREK MANNS | ) | |
| | ) | (Certified Question of Law) |
| APPELLANT | ) | |

FOR THE APPELLANT:

Frank Deslauriers
Attorney at Law
P. O. Box 1156
Covington, TN 38019

FOR THE APPELLEE:

Charles W. Burson
Attorney General

Rebecca L. Gundt
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Larry Hardister
District Attorney General
109 E. First Street
Trenton, TN 38382

OPINION FILED: _____

AFFIRMED

JERRY SCOTT, SPECIAL JUDGE

# O P I N I O N

This is an appeal of a certified question of law pursuant to Tenn. R. App. P. 37 (b)(2)(i).

Pursuant to his guilty plea, the appellant was convicted of possession of cocaine with intent to sell or deliver for which he received a sentence of eight years in the state penitentiary as a Range I, standard offender. The question reserved on appeal is framed as whether the search and seizure of a brown paper sack containing ten individually wrapped packages of cocaine was in violation of the Fourth Amendment to the United States Constitution and Article 1, § 7 of the Tennessee Constitution.

On December 15, 1993 at approximately 6:50 p.m., Daniel Zartman of the Brownsville Police Department was on his way home. He saw a car in a stall of a car wash with its hood up and no one around it. There was a black pickup truck with a trailer parked fifteen to twenty feet from the vehicle in the stall. A person whom the officer could not identify ran from the pickup truck to the car in the stall, opened the door on the driver's side, leaned inside, then ran back to the truck. After a few seconds, the person ran back to the car, closed its hood and drove away. The truck drove away at the same time, passing the officer's car.

Mr. Zartman followed the car and, upon seeing the driver turn left without giving any sort of signal, he stopped the car for making an improper turn. As they talked, the officer saw a small sandwich type paper sack sticking out of the seat on the driver's side. The appellant refused to consent to a search of his car.

As the officer was writing the appellant a traffic citation, another officer arrived with a drug dog and the dog alerted on the driver's side of the car.

Mr. Zartman testified that he was initially suspicious of the appellant because there had been previous burglaries at the car wash. Further, the appellant said he was checking his oil at the car wash, but he never saw the appellant doing anything under his hood. In addition, the appellant would not acknowledge the presence of the truck at the car wash or the sack in his car when asked about it. He acted very nervous and would not stand still, but walked back and forth around the back of his car. When Mr. Zartman asked if he could look in the sack, the appellant said "yeah" but jumped in front of the door and stopped the officer before he could do so.

The appellant does not contest the initial stop for the traffic violation. He concedes that the sniffing by the drug dog was not a search. The main thrust of his argument seems to be the length of time he was detained at the scene awaiting the arrival of the dog.

Investigative stops are authorized by our courts, *State v. Oody*, 823 S.W.2d 554, 561 (Tenn. Crim. App. 1991), if the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the detention. *State v. Pulley*, 863 S.W.2d 29, 30-31 (Tenn. 1993) citing *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880, 20 L.Ed.2d 889 (1968).

Here, the officer cites numerous specific and articulable facts which, taken together with rational inferences from those facts, clearly warranted the detention of the appellant until the drug dog arrived. His suspicious actions at the car wash by going back and forth to the truck, the presence of which he would not acknowledge, followed by his refusal to acknowledge the presence of the bag and his nervous and agitated state, taken with all the other circumstances, clearly justified the stop. A defendant's furtive conduct can be considered by an officer to justify an investigative stop. *State v. Banner*, 685 S.W.2d 298, 300 (Tenn. Crim. App. 1984).

The trial judge found that the officers had probable cause to search the appellant's car based on the drug dog's having alerted on the car and based on the appellant's actions and responses. Of course, a trial judge's findings of fact on a motion to suppress are conclusive on appeal unless the evidence preponderates against those findings. *State v. Turnbill*, 640 S.W.2d 40, 45-46 (Tenn. Crim. App. 1982). The evidence here certainly does not preponderate against those findings.

The judgment overruling the motion to suppress is affirmed.

_____
JERRY SCOTT, SPECIAL JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
DAVID H. WELLES, JUDGE