# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## MARCH 1999 SESSION

FILED

July 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. #01C01-9808-CC-00323 |
| Appellant, | * | WILLIAMSON COUNTY |
| VS. | * | Honorable Timothy L. Easter, Judge |
| **RONALD R. FONTENOT,** | * | (Motion To Suppress) |
| Appellee. | * | |

FOR THE APPELLANT:        FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243

RONALD L. DAVIS
District Attorney General

LEE E. DRYER
Assistant District Attorney General
P. O. Box 937
Franklin, TN 37065-0937

V. MICHAEL FOX
315 Deaderick Street
First American Center, 20th Floor
Nashville, TN 37238-2075

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The Williamson County Grand Jury indicted the defendant, Ronald R. Fontenot, for three counts of driving under the influence.[1] The trial court found that the initial traffic stop was invalid and thus granted Fontenot's motion to suppress and dismissed the state's case. The state appeals, alleging that the arresting officer conducted a legitimate investigatory stop based on reasonable, articulable suspicion of criminal activity, and, therefore, the trial court should have denied the motion to suppress. We AFFIRM the trial court's judgment.

## BACKGROUND

Sergeant Ball of the Williamson County Sheriff's Department followed the defendant's vehicle for some distance on Lewisburg Pike. He observed the defendant execute a left-hand turn onto Wilhoite Road, a dead-end road. Ball testified that he had no particular reason for following the defendant's vehicle, but he believed the defendant may have braked heavily when making this turn. Ball stopped his vehicle and waited several minutes before entering Wilhoite. Ball met the defendant as he was returning to Lewisburg Pike, approximately 100 yards from the intersection. Ball turned around and, on reaching Lewisburg Pike, observed that the defendant's vehicle had resumed its original direction of travel on that roadway. Ball observed the vehicle's "taillights in the [unspecified] distance." Ball pursued the vehicle, believing that the defendant might be fleeing, and on his reaching the vehicle he activated his blue lights. The defendant promptly pulled over and stopped his vehicle. Ball testified that during this entire incident he observed no traffic violations.

---

[1] The three counts are: (1) that the defendant operated a motor vehicle while under the influence of an intoxicant, in violation of Tennessee Code Annotated § 55-10-401; (2) that the defendant operated a motor vehicle while his blood alcohol content met or exceeded .10%, in violation of Tennessee Code Annotated § 55-10-401; and (3) that his actions constituted a second offense of driving while under the influence because he allegedly had a prior out-of-state conviction for driving under the influence.

Based on investigation subsequent to the stop, including Ball's observation of an odor consistent with consumption of alcohol on or about the defendant, the defendant's red eyes, the defendant's statements and his performance of field sobriety tests, Ball arrested the defendant for driving under the influence. The defendant filed a motion to suppress all evidence acquired after the traffic stop. At the subsequent suppression hearing, the trial court noted that one's accelerating from an intersection does not necessarily constitute fleeing and that the defendant promptly pulled over and stopped when Ball activated his blue lights. The trial court found "no articulable facts" to support the stop, granted the defendant's motion, and dismissed the case. The state appeals, arguing that Ball legitimately stopped the vehicle pursuant to an investigation.

## STANDARD OF REVIEW

A trial court's determination of fact at a suppression hearing "is presumptively correct on appeal." State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). This Court upholds a trial court's decision "unless the evidence in the record preponderates against the finding." State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998). "Questions of credibility of witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Id. "The party prevailing in the trial court is entitled to the strongest view of the evidence, as well as all reasonable and legitimate inferences that may be drawn from the evidence." Id.; see also State v. Curtis, 964 S.W.2d 604, 608 (Tenn. Crim. App. 1997) (The state, appealing a trial court's granting a motion to suppress, must show this Court that the evidence in the record preponderates against the trial court's findings of fact.). This Court does review de novo the trial court's application of law. See State v. Yeager, 958 S.W.2d 626, 629 (Tenn. 1997).

-3-

**ANALYSIS**

The sole issue presented for review is whether the trial court erred by finding that Ball lacked reasonable suspicion supported by specific and articulable facts such that warranted the investigatory stop of the defendant and therefore erred by granting the defendant's motion to suppress and dismissing the state's case.

"Stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the Fourth and Fourteenth Amendments to the United States Constitution]." Delaware v. Prouse, 440 U.S. 648, 653 (1979). Even absent probable cause, a warrantless stop may be a valid investigative procedure if the police officer has reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed. See Brown v. Texas, 443 U.S. 47, 51 (1979); Terry v. Ohio, 392 U.S. 1, 20 (1968); State v. Yeargan, 958 S.W.2d 626, 632 (Tenn. 1997). However, a warrantless stop is presumptively unreasonable. See Simpson, 968 S.W.2d at 780. In the instant case, Ball testified that he observed no violations by the defendant prior to the stop. Further, the record does not indicate that Ball either had received reliable information that the defendant had, or was about to, commit an offense, cf. State v. Banner, 685 S.W.2d 298 (Tenn. Crim. App. 1984), or was aware of an outstanding capias for the defendant's arrest, cf. State v. Watkins, 827 S.W.2d 293 (Tenn. 1992).

The record submitted does not provide the requisite preponderance of evidence for this Court's interfering with the trial court's suppressing the evidence. See Curtis, 964 S.W.2d at 608. Evidence from an invalid traffic stop

-4-

is subject to suppression. See State v. Norwood, 938 S.W.2d 23, 26 (Tenn. Crim. App. 1996). The trial court did not erroneously grant the defendant's motion. Further, the state's evidence originated solely from investigation after the stop, and without this evidence the record is void of any evidence against the defendant. Therefore, the trial court properly dismissed the case. This issue is without merit.

## CONCLUSION

We AFFIRM the trial court's judgment.


_____
JOHN EVERETT WILLIAMS, Judge




CONCUR:




_____
DAVID H. WELLES, Judge




_____
JOE G. RILEY, Judge